S11A0185. GALLO v. KOFLER.

(711 SE2d 687)

MELTON, Justice.

Margaret Gallo ("Mother") and John Kofler ("Father") were divorced pursuant to a March 10, 2009, Final Decree. The Final Decree incorporated the parties' Settlement Agreement, which gave the parties joint legal custody of their minor child, and named Mother as the primary legal custodian of the child. In late April 2009, Mother notified Father that she was going to move with the child to New York on July 1, 2009. Father then filed a Complaint for Modification of Child Custody on June 3, 2009, asking the trial court to transfer primary legal and physical custody of the child to him. Following a hearing, the trial court issued a June 30, 2010 order concluding that primary custody of the child should be granted to Father. Mother appeals from this ruling. For the reasons that follow, we affirm.

1. Mother contends that the trial court erred by transferring primary custody to Father based on Mother's planned move to New York. We disagree.

The best interests of the child are controlling as to custody changes. OCGA § 19-9-3 (a) (2); *Parr v. Parr*, 196 Ga. 805

---

(27 SE2d 687) (1943). Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case. *Wilson v. Wilson*, 241 Ga. 305 (245 SE2d 279) (1978). In contemplating a custodial change, the trial court must exercise its discretion to determine whether a change is in the best interests of the child. OCGA § 19-9-3. The circumstances warranting a change in custody are not confined to those of the custodial parent: *any* new and material change in circumstances that affects the child must also be considered. *Handley v. Handley*, 204 Ga. 57, 59 (48 SE2d 827) (1948).

(Emphasis supplied.) *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003). In this regard, this Court has made clear that self-executing change of custody provisions that would automatically change custody to a non-custodial parent in the event that the custodial parent moved to another location at some point in the future are invalid. Id. at 374 (" 'Georgia law does not permit a modification of custody based solely on a custodial parent's relocation' to another home, city or state, . . . or merely upon the custodial parent's remarriage") (citations omitted). Thus, the trial court was forbidden from including in its order a provision that would have automatically changed custody of the minor child from Mother to Father in the event that Mother moved to New York. Id.

This does not mean, however, that the trial court was required to wait until Mother actually moved to New York in order "to determine whether a change [in custody was] in the best interests of the child" under the circumstances of this case. *Scott*, supra, 276 Ga. at 373. See also *Bodne v. Bodne*, 277 Ga. 445, 446 (588 SE2d 728) (2003) ("When exercising its discretion in relocation cases, as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test"). Indeed, on the same day that Father filed his Complaint for Modification of Child Custody, the trial court issued an order providing that the parties were not to remove the child from the State of Georgia during the pendency of the case without further written order from the trial court. Despite this order, Mother then visited New York with the child and moved some of the child's belongings to New York without receiving written authorization from the trial court. Additionally, at the final hearing on the custody matter, the trial court heard evidence on the manner in which the child had been thriving in Georgia, the better quality of life that the child had in Georgia in relation to the living arrangements that he would have had in New York, the harm that could result to the child's relationship with Father if the child moved to

New York, Mother's lack of financial stability, and other matters, before concluding that primary custody of the child should be granted to Father. In light of the trial court's consideration of the evidence and the best interests of the child, we find no abuse of discretion in the trial court's decision to change primary custody to Father in light of Mother's planned move to New York. See *Bodne*, supra, 277 Ga. at 447.

2. Mother claims that the trial court erred by failing to make written findings of fact regarding the material change in circumstances that justified the change in custody to Father. "However, the record is devoid of any request by [Mother] or [Father] that such [written findings] be provided, and thus, none [were] required to be made in this non-jury trial." (Citation omitted.) *Hadden v. Hadden*, 283 Ga. 424 (1) (659 SE2d 353) (2008).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 13, 2011.

*James S. Lewis*, for appellant.
*Catherine B. Sanderson*, for appellee.