S11F1804. FINKLEA v. FINKLEA.
(720 SE2d 624)

NAHMIAS, Justice.

On April 4, 2011, the trial court entered a final judgment in the divorce action filed by appellant Leslie Finklea ("Wife") against appellee David Finklea ("Husband"). Pursuant to this Court's former pilot project for divorce cases (now set forth in Supreme Court Rule 34 (4)), we granted Wife's application for discretionary appeal. We now affirm.

1. Wife contends that, in awarding primary physical custody of the parties' two children to Husband, the trial court abused its discretion in failing to consider evidence of alleged family violence perpetrated by Husband against her, which the court should have considered under OCGA § 19-9-3 (a) (3) (P) and § 19-9-3 (a) (4) (A)-(D).[1] Wife also argues that the trial court erred by failing to enter

---

[1] OCGA § 19-9-3 (a) (3) (P) says that in determining the best interest of the child in a custody dispute between parents, a trial court "may consider any relevant factor, including but not limited to: . . . (P) Any evidence of family violence or sexual, mental, or physical child abuse or criminal history of either parent." OCGA § 19-9-3 (a) (4) says that in child custody cases "in which the judge has made a finding of family violence," the judge shall consider certain factors

written findings of fact explaining its reasons for granting primary physical custody to Husband.

At the final hearing, the parties were the only witnesses, and they each testified extensively about acts of family violence committed by the other spouse, which led to multiple police reports filed against each other. In its final judgment, the trial court said that it was entering the judgment "[a]fter hearing testimony of the parties and considering all the evidence tendered at trial." Neither party asked the court to make written findings of fact supporting its award of child custody, although the parties had the right to do so. See OCGA § 19-9-3 (a) (8) ("If requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision . . . ."). See also *Gallo v. Kofler*, 289 Ga. 355, 357 (711 SE2d 687) (2011) (unless requested to do so by a party, a trial court is not required to provide written findings of fact in child custody cases). Under these circumstances, we cannot conclude that the trial court failed to consider the evidence of family violence presented at the final hearing.

Nor can we conclude, after reviewing the record, that the trial court abused its broad discretion in awarding primary physical custody of the children to Husband, with Wife having joint legal custody and extensive visitation.

> Where(, as here,) the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence shows the trial court clearly abused its discretion. Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion.

*Haskell v. Haskell*, 286 Ga. 112, 112 (686 SE2d 102) (2009) (citations omitted).

2. In calculating child support under OCGA § 19-6-15, the trial court used $2,200 as the amount of Husband's gross monthly income. Wife contends that the court erred by failing to add $600 per month in rental income to that amount. However, at the final hearing, she specifically asked the court to use her child support worksheet, which lists Husband's gross income as $2,200, in determining child support. On appeal, Wife may not complain about the trial court's use of the amount she asked it to use in its child support

---

such as "the safety and well-being of the child and of the parent who is the victim of family violence," § 19-9-3 (a) (4) (A).

calculations. See *Simmons v. Simmons*, 288 Ga. 670, 672 (706 SE2d 456) (2011) (holding that Husband was barred by the doctrine of induced error from complaining about the trial court's use of his wages from a W-2 form in calculating child support, because the wage amount was "the same as that provided by Husband in his domestic relations financial affidavit").

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 2012.

*Edwards & Johnson, Verne J. Edwards*, for appellant.
*Kenneth W. Muhammad*, for appellee.