S11F1955. GRESHAM-GREEN v. MAINONES.

(725 SE2d 277)

MELTON, Justice.

Suzanne Gresham-Green ("Wife") and Keith Mainones ("Husband") were married in 2006 and divorced pursuant to a May 13,

---

2011 Final Decree. In its final order, the trial court awarded primary custody of the parties' children to Husband and ordered Wife to pay child support. This Court granted Wife's application to appeal pursuant to Supreme Court Rule 34 (4), by which this Court shall grant a timely application from a final judgment and decree of divorce that is determined by the Court to have possible merit. For the reasons that follow, we affirm.

1. Wife contends that the trial court erred in relying on the report of a guardian ad litem that had not been admitted into evidence at the final hearing when it made its decision to award primary custody of the parties' children to Husband. However, the record reveals that the guardian ad litem actually testified at the final hearing, and that the trial court did not somehow use the guardian's report as a substitute for her testimony. See Georgia Uniform Superior Court Rule 24.9 (6) (Guardian ad litem's report is not "a substitute for the GAL's attendance and testimony at the final hearing, unless all parties otherwise agree"). In fact, the trial court's final order makes no mention of the guardian ad litem's report, and there is no evidence of record with regard to what extent, if any, the trial court ultimately relied on the guardian's report in order to make its final determination. In light of the guardian ad litem actually testifying at the final hearing and the fact that Wife cannot show that the trial court inappropriately relied on the guardian's report in any way, we find any alleged error in the trial court's failure to admit the report into evidence to be harmless.

2. Wife argues that the trial court erred in failing to award her temporary child support during the time that the parties' children were in her primary custody while the divorce proceedings were pending, and that the trial court further erred by failing to consider the parties' respective incomes when it awarded child support to Husband in its final order. We disagree.

In its temporary order, the trial court was authorized to deviate from the presumptive amount of child support when it ordered Husband to pay 80% of the total child care costs and the mortgage on the marital residence[1] while Wife maintained primary physical custody of the children:

> If the noncustodial parent is providing shelter, such as paying the mortgage of the home, or has provided a home at no cost to the custodial parent in which the child resides, the court or the jury may allocate such costs or an amount equivalent to such costs by deviation from the presumptive

---

[1] We note that the mortgage was in Wife's name.

amount of child support, taking into consideration the circumstances of the respective parents and the best interest of the child.

OCGA § 19-6-15 (i) (2) (H). In fact, the evidence of record reveals that the amount that Husband was ordered to pay in the temporary order actually *exceeded* the presumptive amount of child support that he would have otherwise been required to pay. We find no merit to Wife's claim that the trial court had no other choice but to order Husband to pay temporary child support in the manner that she desired, rather than in the manner that it ordered.

Furthermore, the record belies Wife's assertion that the trial court did not consider the parties' incomes when it made its final child support award. The parties submitted child support worksheets to the trial court, and the record reveals that the trial court accepted the incomes submitted in the worksheets as the true representations of the parties' respective incomes. We find no error.

3. In two enumerations, Wife asserts that the trial court failed to make sufficient findings to support its custody and visitation awards. Specifically, Wife contends that the trial court improperly "delegated" to Husband its judicial duty to make proper findings of fact and conclusions of law by allowing Husband's counsel to draft the Final Decree. As an initial matter, there is nothing improper about a trial court allowing a party to submit a draft order to the court based on the trial court's findings at a final divorce hearing. Furthermore, Wife forfeited her claim that additional findings were required by failing to affirmatively request that the trial court enter such findings as to custody. See *Finklea v. Finklea*, 290 Ga. 357 (1) (720 SE2d 624) (2012); *Gallo v. Kofler*, 289 Ga. 355 (2) (711 SE2d 687) (2011); OCGA § 19-9-3 (a) (8).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 19, 2012.

*John R. B. Long*, for appellant.
*Shawn E. Gunder, Helen W. Yu*, for appellee.