## S12A0276. VISKUP v. VISKUP.
(727 SE2d 97)

BENHAM, Justice.

Appellant Peter Viskup and appellee Andrea Viskup were married in 1998 and are the parents of a son born in 2000. The parties were divorced in 2006 by judgment and decree entered in Cobb County, with legal and physical custody of the child awarded to appellant Father. In October 2008, appellee Mother filed a petition for modification of custody and child support in the Superior Court of Cherokee County. After denying Father's motion to dismiss for lack of venue, the trial court granted temporary physical custody of the child to Mother as of December 2008 and permanent primary physical custody and child support in February 2011. Attorney fees were awarded Mother in April 2011, and Father's motion for new trial was denied in May 2011. Father then filed this direct appeal from a judgment in a child custody case. OCGA § 5-6-34 (a) (11). See *Edge v. Edge*, 290 Ga. 551 (1) (722 SE2d 749) (2012) (construing subsection (a) (11) as permitting a direct appeal of an order in a child custody case regarding which parent has custody, regardless of finality).

1. Father contends entry of the judgment was erroneous because the modification petition was not filed in and decided by a superior court of the statutorily-prescribed county. OCGA § 19-9-23 (a) requires a child-custody modification action to be filed in the legal custodian's county of residence. Mother filed her petition in Cherokee County on October 17, 2008, and service was perfected on Father, the custodial parent, in Cherokee County on October 24. The trial court ruled that Father was served timely and Father does not take issue with that ruling on appeal; rather, Father contends he was not a resident of Cherokee County when Mother filed her petition.

"[F]or purposes of venue and other jurisdictional questions, a person's residence at the time of filing of suit is the determining factor . . . [if] followed by service within a reasonable time. . . ." *Franek v. Ray*, 239 Ga. 282, 285 (236 SE2d 629) (1977). A change of residence by the defendant after the filing of an action but before trial does not change the proper venue. *Cartwright v. Fuji Photo Film U.S.A.*, 312 Ga. App. 890 (3) (720 SE2d 200) (2011). When the trial court conducts a hearing and makes findings of fact on a motion to dismiss or transfer for improper venue, the findings of fact are tested by the any evidence rule. *Oglesby v. Deal*, 311 Ga. App. 622 (716 SE2d 749) (2011).

At a hearing before the trial court, Father testified he sold his Cobb County home in late May-early June 2008, rented an apartment in Cherokee County, enrolled the child in a Cherokee County school, entered into a contract on August 29 to purchase a home with a Cobb address that straddled the Cobb-Cherokee county line, scheduled the closing of his purchase to be on October 16, spent the nights of October 14 and 15 at the new house, actually closed on the new house on October 21, registered his vehicle in Cobb County and changed his driver's license address to Cobb County on October 21, and removed the child from the Cherokee County school on November 7. He was served at his Cherokee County apartment on October 24. The Cherokee County court orally ruled that, while Father had the intent to return to Cobb County in September, Father was a resident of Cherokee County until his physical presence changed on October 21, the day he closed the purchase of the Cobb County home and changed to Cobb County his vehicle registration and driver's license address. The trial court's written order summarily denied Father's motion to dismiss the petition or to transfer it to Cobb County. Since there is evidence that supports the trial court's determination that Father did not change his county of residence until October 21 and was a resident of Cherokee County when Mother filed her modification petition on October 17, the trial court did not misapply the law.

2. In its order modifying the 2006 custody award and awarding custody of the child to Mother, the trial court ruled there had been a

material change in circumstances that supported the modification and that it was in the child's best interests to award custody to Mother. Father contends there was no evidence of a material change in circumstances presented to the trial court, and that a modification of custody was not in the child's best interest.

A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. . . . The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child. See OCGA § 19-9-3 (b). . . .

*Lynch v. Horton*, 302 Ga. App. 597 (4) (692 SE2d 34) (2010). A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest. OCGA § 19-9-3 (a) (2); *Gallo v. Kofler*, 289 Ga. 355 (1) (711 SE2d 687) (2011).

After conducting a hearing, the trial court found that Mother's circumstances had improved dramatically since the 2006 divorce, noting that Mother had been living in the Czech Republic at the time of the divorce and, as of 2008, had married a U. S. citizen, had given birth to a U. S. citizen, and had applied for permanent-resident status in the United States. The trial court found that, since the December 2008 award of temporary custody to Mother, the child's socialization and emotional maturation had improved. With regard to Father, the trial court found that Father had been held in contempt of court for violation of the court's visitation order and had taken steps to under-mine Mother by sending misleading letters to immigration officials and to the Clarke County Department of Child and Family Services. All of these findings were supported by evidence. Finding it "more likely [that Mother] will provide visitation and abide by the Court's Orders," the trial court concluded it was in the child's best interest to award custody of the child to Mother. Since there is evidence to support the trial court's award of custody of the child to one fit parent over the other fit parent, we cannot say the trial court abused its discretion. *Haskell v. Haskell*, 286 Ga. 112 (1) (686 SE2d 102) (2009).

3. Lastly, Father contends the trial court erred when it awarded attorney fees to Mother. The trial court's order required Father to pay on behalf of Mother $21,360.15 in attorney fees to the firm that

represented Mother in the modification action. Father contends the trial court's order on attorney fees should be vacated because it does not state the statutory basis for the award and because there was evidence of Father's financial inability to pay.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract. [Cit.]" *Moon v. Moon*, 277 Ga. 375 (6) (589 SE2d 76) (2003). Mother sought an award of attorney fees in her petition for modification, but neither her petition nor the trial court's order states a statutory basis for an award of attorney fees. When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it. See, e.g., *Ward v. Ward*, 289 Ga. 250 (2) (710 SE2d 555) (2011); *Moon v. Moon*, supra, 277 Ga. at 379. In the case at bar, the trial court's order awarding attorney fees contains language that is set forth in OCGA § 19-9-3 (g) as well as in OCGA § 19-6-2 (a) (2), and Father maintains the fee award could have been made pursuant to OCGA § 19-6-15 (k) (5). OCGA § 19-9-3 (g) authorizes a trial court, "[e]xcept as provided in Code Section 19-6-2," to order payment of reasonable attorney fees and other costs of the child custody action to be paid by the parties in proportions and at times determined by the judge. OCGA § 19-6-2 (a) authorizes a trial court to award attorney fees as part of the expenses of litigation in its sound discretion and after considering the financial circumstances of both parties, in an action for alimony, divorce and alimony, or contempt of court arising out of an alimony or divorce and alimony case. Both OCGA §§ 19-6-2 (a) and 19-9-3 (g) provide that the grant of attorney fees may be in full or on account, and that it may be enforced by attachment for contempt of court or by writ of fieri facias.[1] OCGA § 19-6-15 (k) (5) authorizes a trial court to award attorney fees to the prevailing party "as the interests of justice may require" in a proceeding for the modification of a child support award. Since the trial court's order tracks the language of OCGA §§ 19-6-2 (a) and 19-9-3 (g), we eliminate OCGA § 19-6-15 (k) (5) as the basis of the award.

An examination of the record reflects that Mother submitted a letter brief in January 2011 expressly seeking an award of attorney

---

[1] The trial court's order states the amount granted and that "[t]he grant of attorney's fees is a grant in full and may be enforced by attachment for contempt of court or by writ of fieri facias."

fees pursuant to OCGA § 19-9-3 (g), which states that it is applicable in custody actions other than those covered by OCGA § 19-6-2.[2] OCGA § 19-6-2 (a) is expressly limited to actions for alimony, for divorce and alimony, and for contempt of an order arising out of an action for alimony or divorce and alimony. It is not applicable to the case before us, which is a petition for modification of child custody; instead, OCGA § 19-9-3 (g), which is applicable in an action seeking modification of child custody/visitation (see *Moore v. Moore*, 297 Ga. App. 703 (4) (678 SE2d 152) (2009)), applies. But see *Harris v. Williams*, 304 Ga. App. 390 (3) (696 SE2d 131) (2010) (limiting application of OCGA § 19-9-3 (g) to actions covered by OCGA § 19-6-2 (a)). To the extent *Harris v. Williams* holds that OCGA § 19-9-3 (g) does not authorize an award of attorney fees in an action seeking modification of child custody, it is overruled.

Since Mother's petition for modification of child custody does not fall within the parameters of OCGA § 19-6-2 (a) and falls within OCGA § 19-9-3 (g), the trial court's grant of attorney fees was pursuant to OCGA § 19-9-3 (g), and we need not remand the case to the trial court for clarification of the statutory basis of its award. Since OCGA § 19-9-3 (g) does not require a trial court to consider the parties' financial circumstances in making the grant of attorney fees, we need not remand the case to the trial court for reconsideration of the evidence of Father's financial information that was presented at the hearing on the request for attorney fees.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012 —
RECONSIDERATION DENIED MAY 29, 2012.

*Charles G. Harbin, Jr.*, for appellant.
*Bray & Johnson, Roger M. Johnson, Jennifer S. Gill*, for appellee.

---

[2] OCGA § 19-9-3 (g) also states that it is applicable in addition to OCGA § 19-6-15.