**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**September 25, 2012**

# In the Court of Appeals of Georgia

A12A1245. EL v. MARTIN.

BARNES, Presiding Judge.

Gonda El appeals pro se the trial court's denial of her motion to modify custody of and child support for her 15-year-old son. For the reasons that follow, we affirm.

On March 21, 2011, the trial court awarded sole legal and physical custody of the minor to his father, Thomas Martin. On October 21, 2011, El filed a petition seeking to modify custody and obtain sole legal and physical custody of the child, alleging a material change in circumstances because she had located a private school for him to attend and that his father was committing crimes in his child's presence. Martin answered and denied the allegations.

The trial court held a hearing on El's petition, at which El called nine witnesses who attended court under subpoena. At the end of the hearing, the trial court orally

denied the petition and then entered a written order finding no material change in circumstances had occurred since the previous custody order, which was entered eight months earlier. The court also found no evidence that the father was unfit, and that a change of custody would not be in the child's best interest at that time.

El appeals, contending that the trial court erred in awarding Martin custody in the first place, because the child was never legitimated, in not allowing her to present evidence regarding the child's best interest, and in terminating her parental rights without determining she was an unfit parent.

1. El's contention that the trial court erred in awarding custody to the father in the first place because he had not legitimated the child was not raised and ruled on in the trial court. Without a ruling on the issue by the trial court, this court has nothing to review, "for we are limited on appeal to those grounds presented to and ruled upon by the trial court and then enumerated as error." (Citation omitted.) *Ehlers v. Schwall & Heuett*, 177 Ga. App. 548, 550 (340 SE2d 207) (1986).

2. El contends that the trial court abused its discretion in not allowing her to present evidence that, given Martin's family and personal history, the child's best interest was not fully considered. El is correct that a parent is entitled to have all factors considered by a trial court ruling on custody of a minor child. This appeal is

2

not a review of the original custody decision, however; it is a review of the trial court's order denying El's petition to *modify* the custody.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child. See OCGA § 19-9-3(b).

(Citation and punctuation omitted.) *Lynch v. Horton*, 302 Ga. App. 597 (4) (692 SE2d 34) (2010). "A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest. OCGA § 19-9-3 (a) (2); *Gallo v. Kofler*, 289 Ga. 355 (1) (711 SE2d 687) (2011)." *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012). "Whether particular circumstances warrant a change in custody is a fact question determined under the unique situation in each individual case." *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003).

During El's presentation of her case, the trial court limited her questioning related to circumstances that existed before the previous custody order was entered

3

in March 2011. Those questions did not address whether a change in material conditions had occurred that would require a change of custody. Accordingly, the trial court did not err in its evidentiary rulings.

3. Finally, El contends that the trial court erred in terminating her parental rights without determining on the record that she was morally unfit to have custody or visitation. This was a custody modification case, however, and not a termination of parental rights proceeding. As our Supreme Court recently observed,

> [o]ne who is subject to the termination of parental rights cannot be equated to an individual who faces an interruption of custody; termination is a much more severe measure. It is a remedy of last resort to address the most exceptional situation of a deprived child and that child's continuing deprivation. Moreover, unlike certain changes in, or temporary suspensions of, custody, a decision to terminate parental rights must follow a multi-step process in which the trial court makes numerous determinations under statutory criteria antecedent to a consideration of the best interest of the child.

(Citations omitted.) *In the Interest of A.C.*, 285 Ga. 829, 833 (2) (686 SE2d 635) (2009).

Based on the evidence of record, the trial court did not abuse its discretion in denying El's petition to modify custody of and support for the minor child.

4

*Judgment affirmed. Adams and McFadden, JJ., concur.*