# Court of Appeals
# of the State of Georgia

ATLANTA,___June 14, 2013_____

*The Court of Appeals hereby passes the following order:*

**A13A0445.  KUEHN v. KEY.**

"Even if not raised by a party, an appellate court has a duty to raise the question of jurisdiction in all cases where there may be doubt about its existence."[1]  For reasons that follow, it appears that this case falls within the appellate jurisdiction of the Supreme Court of Georgia.  We thus transfer this case to that Court.

In 2007, Carrie Kuehn (Mother) and Michael Key (Father) divorced in Catoosa County, Georgia. Pursuant to the final divorce decree, Mother was awarded primary physical custody of their two young sons and Father was ordered to pay weekly child support. Four years later, Father filed a petition in the Catoosa County Superior Court seeking modification of said child custody and child support provisions. After a hearing thereupon, the superior court entered an order awarding Father primary physical custody of the boys and ordering Mother to pay weekly child support. From this order, Mother filed a notice of appeal to this court.

"The jurisdiction of the Supreme Court of Georgia is delineated in our Constitution."[2]  Article VI, Section VI, Paragraph III (6) of the 1983 Constitution provides, "Unless otherwise provided by law, the Supreme Court shall have appellate

---

[1] *Mauer v. Parker Fibernet, LLC*, 306 Ga. App. 160, 161 (701 SE2d 599) (2010) (citations omitted).

[2] *Cook v. Board of Registrars of Randolph County*, 291 Ga. 67, 68 (2) (727 SE2d 478) (2012) (citation omitted).

jurisdiction of the following classes of cases . . . All divorce and alimony cases." "Case law has recognized for over a century that alimony includes support for children, leaving no question regarding the relationship of child support to alimony. Alimony may be recovered outside the context of a divorce proceeding."[3]

The Supreme Court of Georgia has explained,

> [W]e have jurisdiction over a case involving an original claim for child support which arose in either a divorce or alimony proceeding. Furthermore, actions for modification of alimony either for support of a former spouse or of a child, so long as the original award arose from a divorce or alimony proceeding, have always been within this Court's jurisdiction.[4]

Thus, recognizing that an action for child support modification may arise under various Code sections, the Supreme Court of Georgia held in *Spurlock v. Dept. of Human Resources*,[5]

> [A]ppeals from orders in proceedings for modification of a child support award which arose from a prior divorce or alimony action, regardless of the code section under which the modification was pursued, are subject to the jurisdiction of this Court.[6]

---

[3] *Spurlock v. Dept. of Human Resources*, 286 Ga. 512, 513 (1) (690 SE2d 378) (2010) (citations and punctuation omitted).

[4] Id. (citations omitted).

[5] Supra.

[6] Id. at 514 (1).

The instant case is an appeal from an order in proceedings for modification of a child support award and child custody award, which arose from a prior divorce or alimony action. Therefore, we TRANSFER this case to the Supreme Court of Georgia.[7]



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* 06/14/2013
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[7] See id. Accord *Viskup v. Viskup*, 291 Ga. 103 (727 SE2d 97) (2012); *Gallo v. Kofler*, 289 Ga. 355 (711 SE2d 687) (2011).