**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 6, 2014**

# In the Court of Appeals of Georgia

A14A0303. DRIVER v. SENE.

BARNES, Presiding Judge.

Charles R. Driver petitioned the superior court to modify the custody, support, and visitation of his three children, of which Holly E. Sene, his ex-wife, had primary physical custody pursuant to a 2009 final divorce decree. The superior court granted the change of custody as to the oldest child, then 17, based on his election to live with Driver, but denied the petition to change custody of the two younger children, who were 15 and 12 as of the final order. The court also granted attorney fees to Sene. Driver appeals, contending that the superior court erred in not granting him custody based on the election of the 15-year-old to live with his father and on the best interest of the child, in finding he had not carried his burden of proving a material change in the children's condition warranting a custody change, and in awarding attorney fees

to Sene. For the reasons that follow, we affirm the trial court's custody decision, but reverse the attorney fee award and remand for further proceedings.

From a review of the ten-volume record, including more than 700 pages of transcripts from five days of a final hearing that took place over five and a half months, it is clear that the parties hotly disputed the facts about the children's welfare. On the day the father filed his petition to modify custody, he also filed a motion for temporary custody, alleging that the children's stepfather was abusive and they were neglected. The superior court issued an immediate ex parte order transferring the children to the father's custody, but after a two-day hearing three weeks later the court appointed a guardian ad litem ("GAL") to represent the two younger boys and transferred them back to the mother's temporary custody. The court held several hearings and issued interim orders during the ensuing litigation, and then heard five days of testimony.

The petition to modify custody included affidavits from both boys stating that they elected to live with their father, and on the last day of the final hearing, the father submitted additional documents from both boys again stating they elected to live with their father. However, the GAL concluded that it was in the children's best interest to remain with their mother, as she had historically been the one who had been more

2

involved in their schools and medical care. After hearing evidence and talking to the children after the final hearing, the trial court agreed with the GAL's assessment and determined that primary physical custody would remain with the mother. The court also ordered the father to pay the mother's attorney $5,000.

When considering the appeal of a child custody decision, we view the evidence in the light most favorable to the trial court's decision. *Gibson v. Pierce*, 176 Ga. App. 287, 288 (335 SE2d 658) (1985).

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child. See OCGA § 19-9-3(b).

(Citations and punctuation omitted.) *Viskup v. Viskup*, 291 Ga. 103, 105 (2) (727 SE2d 97) (2012)."The law thus recognizes that because children are not immutable objects but living beings who mature and develop in unforeseeable directions, the initial award of custody may not always remain the selection that promotes the best

3

interests of the child." *Scott v. Scott*, 276 Ga. 372, 373 (578 SE2d 876) (2003).We review a trial court's decision for abuse of discretion. *Viskup*, 291 Ga. at 105 (2).

1. The father argues that the superior court erred in failing to grant him custody of his 15-year-old son M. D. based on the boy's election. Before the statute was amended effective January 2008, the right of a child 14 or older to select the parent with whom he wanted to live was controlling "unless the parent so selected [was] determined not to be a fit and proper person to have the custody of the child." OCGA § 19-9-3 (a) (4) (2007). Under the current version of the statute, however, the election of a child 14 or older to live with one parent over the other is presumptive, but the superior court may override the election if it determines that placing the child in the custody of the selected parent is not in the child's best interest. OCGA § 19-9-3 (a) (5). See *Murillo v. Murillo*, 300 Ga. App. 61, 64 (684 SE2d 126) (2009).

The record shows that M. D. was diagnosed at a young age with a developmental disorder that is treated with a complicated regimen of medication, specialized education, therapy, and counseling. The parents disagreed about certain aspects of his care and testified extensively on the issue. After a hearing, the superior court granted the father's motion for the court to conduct an in camera inspection of M.D.'s psychiatric records, and as noted earlier, the trial court also spoke with M. D.

4

The court noted in its final order that neither party requested that it make findings of fact, and therefore the court simply concluded that it was in M. D.'s best interest that his mother be awarded his primary physical custody.

The father argues on appeal that while the child's election is no longer controlling under OCGA § 19-9-3 (a) (5), it is "presumptive," which he contends is defined by Black's Law Dictionary as "evidence which must be received and treated as true and sufficient until and unless rebutted by other evidence." The trial court erred, he contends, in failing to make findings as to the father's fitness. We disagree.

First, the trial court specifically noted in its temporary and final orders that neither party asked it to make findings of fact. Under OCGA § 19-9-3 (a) (8), "if requested by any party on or before the close of evidence in a contested hearing, the permanent court order awarding child custody shall set forth specific findings of fact as to the basis for the judge's decision in making an award of custody including any relevant factor relied upon by the judge." The father did not ask the trial court to make findings of fact, and therefore cannot object to their omission in the final order.

Further, the cases cited by the father for the proposition that the parent resisting a child's election must prove that the other parent is unfit were all decided under the former version of the statute. See, e.g., *Weaver v. Jones*, 260 Ga. 493, 494 (3) (396

SE2d 890) (1990); *Harbin v. Harbin*, 238 Ga. 109, 110 (230 SE2d 889) (1976) ("Without a finding of unfitness the child's selection must be recognized and the court has no discretion to act otherwise.").

"A trial court faced with a petition for modification of child custody is charged with exercising its discretion to determine what is in the child's best interest." *Viskup,* 291 Ga. at 105 (2). See OCGA § 19-9-3 (a) (2). In this case, there was some evidence that M. D.'s election was not sincere. The guardian ad litem testified that she thought that the children's letters to the guardian and the court were written with the assistance of the father and his family, as the letters contained similar phrasing that was not typical of the children's speech. She said the children had vacillated between their preferences as the litigation wound on. At the end of the last day of the final hearing, the trial court directed the parties not to talk to M. D. about his upcoming interview with the court, noting that in its first interview "all three children almost said the exact words in each interview, each one of them. That's odd." Of course, the record does not disclose the substance of the court's multiple conversations with the children.

Based on the evidence presented at the hearings and the trial court's consideration of the children's best interest, we cannot say that the trial court abused

its discretion in denying the father's petition to change custody, despite M. D.'s election to live with his father.

2. The father contends the trial court erred in its application of the best interest of the child standard concerning the custody of M. D. OCGA § 19-9-3 (a) (3) outlines 17 relevant factors the trial court may consider in determining the best interest of the child, and the father argues in great detail the evidence that he contends is proof he would be the better custodial parent. The mother responded with an equally detailed discussion of the evidence and her interpretation of it. As the trial court commented on the last day of the final hearing, both parents believe they were doing the best thing for the children, and the court awarded the parties joint legal custody of the children. The record contains evidence that supports the trial court's decision, and thus "it cannot be said there was an abuse of discretion." *Anderson*, 278 Ga. at 713 (1).

3. In his third enumeration of error, the father asserts that the issue is whether he carried his burden of proof as to a material change in condition of the minor children warranting a change of custody. He argues that M. D.'s decision that he wanted to live with his father constituted "per statute a material change of circumstances or condition of the minor child to warrant a petition of modification

7

of child custody." While OCGA § 19-9-3 (a) (5) does provide that the parental selection of a child 14 or older may constitute a material change warranting a custody modification, the statute does not provide that the election mandates a custody change. As addressed in Division 1, the child's election was a factor to be considered by the trial court in ruling on the father's petition for a change of custody, but it was not the only factor to be considered. For the reasons previously stated, we find no abuse of discretion.

4. Finally, the father contends that the trial court erred in ordering him to pay the mother's attorney $5,000, arguing that the evidence was insufficient to support the amount and that the court failed to specify the statutory basis for the award.

In her answer to the petition, the mother counterclaimed for attorney fees "for her defense in this action based on [the father] filing this frivolous claim against [her]." Thus, she could have been seeking fees under either OCGA § 9-15-14 (b) (fees allowable against party who brings substantially frivolous action) or under OCGA § 19-9-3 (g) (in custody action, trial court may order reasonable fees to be paid by the parties in proportions and at times determined by court).

> When there is more than one statutory basis for the attorney-fee award
> and neither the statutory basis for the award nor the findings necessary

to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

(Footnote omitted.) *Viskup*, 291 Ga. at 106 (3).

Additionally, while the mother's attorney made a general proffer of evidence regarding the amount of fees incurred to date, she presented no billing records or other evidence showing how she had arrived at that amount. Thus, the evidence was insufficient to determine whether the attorney fees incurred or awarded were reasonable.

When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.

(Citation and punctuation omitted.) *Lurry v. McCants*, 302 Ga. App. 184, 190 (2) (b) (690 SE2d 496) (2010).

9

Accordingly, we vacate that portion of the judgment awarding the mother $5,000 in attorney fees and remand this case to the trial court for an evidentiary hearing on the amount of the attorney fees and expenses.

*Judgment affirmed in part, reversed in part, and remanded for further proceedings. Boggs and Branch, JJ., concur.*