**FIRST DIVISION
DOYLE, C. J.,
ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 28, 2016**

# In the Court of Appeals of Georgia

A16A1301. ALLEN v. MCGUIRE.

A16A1302. MILLER v. MCGUIRE.

A16A1303. MILLER v. MCGUIRE.

RAY, Judge.

In this child custody action, Wesley B. Allen and his attorney, Jody Ann Miller, appeal from the trial court's denial of Allen's motion for partial summary judgment, the dismissal of the action by directed verdict, and the imposition of attorney fees. As these appeals are based on the same record, the separate appeals have been consolidated for the purposes of review. In Case No. A13A1301, we affirm the trial court's denial of the motion for partial summary judgment, but we reverse its directed verdict and dismissal of the custody action, vacate the award of attorney fees assessed against Allen, and remand the case for further proceedings. In Case No. A16A1302,

we incorporate our holdings in Case No. A16A1301, vacate the award of attorney fees assessed against Miller, and remand the case for further proceedings. We dismiss Case No. A16A1303 as redundant.

The record shows that Wesley Allen and Kimberly McGuire were divorced in Fulton County in December 2007. Pursuant to the divorce decree, the parties shared joint legal and physical custody of their minor child, with neither parent being designated as the primary custodian. Thereafter, McGuire moved to DeKalb County and Allen remained in Fulton County. In August 2010, McGuire filed a petition in Fulton County, Allen's county of residence, seeking a modification of child custody and support. Allen answered and counterclaimed, likewise requesting a modification of child custody and support. Following a hearing, the Fulton County Superior Court entered an order awarding primary physical custody to Allen. However, on McGuire's motion for new trial, the Fulton County Superior Court vacated its judgment, finding that it lacked jurisdiction to address Allen's request for change of custody because his counterclaim was not brought as a separate action in McGuire's county of residence

pursuant to OCGA § 19-9-23 (a).[1] . The superior court further found that a new trial on McGuire's petition for modification of custody was warranted.

While McGuire's custody action in Fulton County was pending, Allen filed a separate petition for change of custody in DeKalb County, McGuire's county of residence. Allen then filed a motion to transfer the case to Fulton County, and McGuire filed a response in opposition. The DeKalb County Superior Court denied Allen's motion to transfer the case.[2]

---

[1] OCGA § 19-9-23 (a) provides, in pertinent part, that "any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child." It does not appear that Allen appealed from the Fulton County Superior Court's ruling on this issue. We note that the mandatory venue provisions of OCGA § 9-9-23 (a) may be waived. See *Bailey v. Bailey*, 283 Ga. App. 361, 363 (641 SE2d 580) (2007); *Ganny v. Ganny*, 238 Ga. App. 123, 125 (2) (518 SE2d 148) (1999).

[2] We note that our appellate courts apparently have not specifically addressed the issue of venue in competing custody actions where, as here, the mother and the father reside in different counties, the parents both share joint legal and physical custody, and neither parent is designated as the primary physical custodian. Under such circumstances, either county could arguably be considered the proper venue, particularly where a party avails herself of the jurisdiction of a court outside her county of residence by initiating the custody modification action. The problems presented in this case likely would have been averted if the Fulton Superior Court had decided the claims of both parents. Given that our trial courts are increasingly awarding joint physical custody, this is a matter that is ripe for the General Assembly and/or our appellate courts to address.

In November 2013, the Fulton County Superior Court entered a final order (the "Final Order") denying McGuire's petition for modification of custody, finding that the custodial provisions of the parties' 2007 divorce decree were no longer in the child's best interest, but that an award of primary custody to McGuire would not solve the problem. The Fulton County Superior Court entered a subsequent clarification order (the "Clarifying Order") in October 2014, concluding that "it is in the best interest of the child for the current [custodial] schedule, with mid-week exchanges between parents living in two [different] counties, to be discontinued . . . [and] giving [McGuire] primary custody is [not] the best solution to this issue." In the Clarifying Order, the Fulton County Superior Court further found that Allen, more so that McGuire, had demonstrated "a willingness and ability to 'facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.'"

Thereafter, on January 29, 2015, Allen filed a motion for partial summary judgment in the DeKalb County custody action, contending that he was entitled to primary physical custody of the child by virtue of the order in the Fulton County custody action. Allen also filed a motion in limine seeking a pre-trial ruling that any and all evidence from the time of the parties' 2007 divorce decree would be

admissible at trial in the event that his motion for partial summary judgment was denied. The DeKalb County Superior Court (hereinafter the "trial court") denied both motions. In denying Allen's motion for partial summary judgment, the trial court found that McGuire had presented evidence that there had been a material change in facts and circumstances since the order in the Fulton County custody action which created a genuine issue of fact regarding Allen's petition for change of custody. In ruling on Allen's motion in limine, the trial court found that only the facts and circumstances occurring after the order in the Fulton County custody action would be admissible at trial.

With these evidentiary constraints in place, the parties proceeded to trial in the DeKalb County custody action. At the conclusion of Allen's presentation of evidence, McGuire moved to dismiss and/or for directed verdict. After hearing argument, the trial court granted McGuire's motion for directed verdict and dismissed the action, finding that Allen had failed to establish that there had been a material change in conditions affecting the welfare and best interests of the child since the order in McGuire's custody action in Fulton County. The trial court took the issue of attorney fees under advisement, and it provided the parties with deadlines to file their respective briefs on that issue.

5

On September 10, 2015, McGuire filed a motion for attorney fees pursuant to OCGA §§ 19-9-3, 9-11-37, and 9-15-14 (a) and (b), contending that she was entitled to attorney fees based on the respective financial conditions of the parties, Allen's abuses of discovery, Allen's assertion of frivolous claims and positions that had no justiciable issue of law or fact, and Allen's unnecessary expansion of the proceedings. Allen filed his response to the motion on September 24, 2015. Following a hearing, the trial court entered an order granting McGuire's motion for attorney fees pursuant to OCGA §§ 19-9-3, 9-11-37, and 9-15-14 (a), and it appears that the trial court assessed such fees against both Allen and his attorney, Jody Ann Miller. These appeals ensued.

*Case No. A16A1301*

1. In his first enumeration of error, Allen contends that the trial court erred in denying his motion for partial summary judgment. Specifically, he argues that the order in the Fulton County custody action had a preclusive effect on the issue of custody in the instant case. While we agree that the ruling in the Fulton County custody action has a preclusive effect on the issue of whether there had been a material change of circumstances affecting the welfare and best interests of the child,

6

the ruling in the Fulton County custody action was based on facts and circumstances that existed *at that time*. We find that the trial court was correct in concluding that McGuire had presented evidence of additional facts and circumstances occurring after the Fulton County custody action which precluded summary judgment.

At the outset, however, we note that the ruling in the Fulton County custody action was sufficient to overcome McGuire's motion for directed verdict. In the Fulton County custody action, the superior court concluded that the custody provisions of the parties' 2007 divorce decree were no longer workable and that an award of primary physical custody to McGuire would not solve the problem. "The doctrine of collateral estoppel, also known as issue preclusion, prevents the re-litigation of an issue actually litigated and adjudicated on the merits between the same parties or their privies." (Citation omitted.) *Simmons v. State*, 276 Ga. 525, 526 (579 SE2d 735) (2003). See also OCGA § 9-12-40. "[U]nlike res judicata, collateral estoppel does not require identity of the claim — so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim. Furthermore, collateral estoppel only precludes those issues that actually were litigated and decided in the previous action, or that necessarily had to be decided in order for the previous judgment to have been

rendered." (Citation omitted; emphasis omitted.) *Cost Mgmt. Group, Inc. v. Bommer*, 327 Ga. App. 164, 168 (1) (755 SE2d 537) (2014). Thus, the trial court was bound by the ruling in the Fulton County custody action, and Allen was entitled to rely on that ruling to establish that there had been a material change in circumstances since the last custody award and that McGuire was not entitled to custody at the time of the Fulton trial.[3] Allen was not required to present additional evidence in his case-in-chief to avoid a directed verdict. As the trial court erred in granting a directed verdict to McGuire, Allen is entitled to a new trial on his petition for modification of custody.

In regard to his motion for partial summary judgment, however, Allen bore the burden of establishing that, based on the current facts and circumstances, he was entitled to a modification of custody as a matter of law.

> Summary judgment is [only] proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal

---

[3] An argument can be made that the Fulton Court was without jurisdiction to issue its Clarifying Order on October 28, 2014, to its original Final Order issued on November 26, 2013, particularly if the second order had the effect of expanding the issues decided and in light of the collateral estoppel or claim preclusive effect of the Fulton Court's holding. We do not endeavor to decide in this opinion as to whether and/or what extent the findings in the Clarifying Order expanded the Fulton Court's holdings therein, and to the extent they did, whether they were validly issued. We leave such decision in the first instance to the trial court hereinbelow.

8

from a grant [or denial] of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Footnote omitted.) *Fox v. Korucu*, 315 Ga. App. 851, 851-852 (729 SE2d 16) (2012). Furthermore, as the determination of custody is based in part on the trial court's discretion, custody actions are generally ill-suited for summary adjudication. See *Miller v. Rieser*, 213 Ga. App. 683, 688 (1) (446 SE2d 233) (1994).

In response to Allen's motion for partial summary judgment, McGuire submitted an affidavit stating that there had been material changes affecting the welfare of the child that had occurred since the disposition of the Fulton County custody action, including changes in the composition of the parties' respective households, changes in the child's academic progress, and Allen's failure to communicate and cooperate with her with regard to the child's medical care. As the trial court correctly concluded, this constitutes evidence of material facts which preclude summary adjudication of the custody issue. See *Fox*, supra at 855. Therefore, the trial court did not err in denying Allen's motion for partial summary judgment.

2. Next, Allen contends that the trial court erred in limiting the scope of the evidence at trial to the facts and circumstances that arose after the disposition of the Fulton County custody action. We agree.

On a petition for modification of custody, a trial court must determine whether "there has been a material change of condition affecting the welfare of the child since the *last custody award*." (Citations omitted; emphasis supplied.) *Driver v. Sene*, 327 Ga. App. 275, 276 (758 SE2d 613) (2014). Here, the record is clear that the last custody award was the 2007 divorce decree, which awarded joint legal and physical custody of the child to both parties. There was no "custody award" in the Fulton County custody action, as McGuire's petition for modification of custody was denied in that case.

Furthermore, in order for the trial court to make a fair determination at trial regarding the strength of McGuire's evidence concerning the alleged circumstances occurring after the Fulton County custody action, the trial court would need to be apprised of the facts and circumstances upon which the Fulton County Superior Court relied in issuing its ruling. In other words, the admission of evidence concerning the circumstances that existed between the parties' 2007 decree and the denial of McGuire's petition to modify custody in 2013 would place all of the parties' evidence

10

into context, and it would allow the trial court to make a comparative analysis of the parties' respective evidence. Therefore, we find that all of the relevant facts and circumstances that occurred after the 2007 divorce decree should have been considered by the trial court.

For the above reasons, we find that the trial court erred in limiting the scope of the evidence at trial to the facts and circumstances that arose after the denial of McGuire's petition for change of custody in the Fulton County action. Accordingly, Allen is entitled to a new trial on his petition for modification of custody.

3. Allen also contends that the trial court erred in dismissing his petition for modification of custody, arguing that he presented other evidence at trial to support his request for modification. In light of our holdings in Divisions 1 and 2, supra, we need not address this enumeration.

4. In a compound enumeration of error, Allen contends that the trial court erred in assessing attorney fees against him.

The record shows that the trial court based its attorney fee award, in part, on its conclusions that Allen's argument on his motion in limine regarding the admissibility of evidence lacked merit and that he had failed to present evidence at trial that was sufficient to support his request for modification of custody. As our

11

holdings in Divisions 1 and 2, supra, may have a substantial effect on the trial court's award of attorney fees in this case, we vacate the award and remand the issue of attorney fees for further consideration after the new trial on Allen's petition for change of custody. In so holding, we need not address all of the arguments submitted by Allen.

*Case No. A16A1302*

5. In five related enumerations or error, Allen's attorney, Jody Ann Miller, contends that the trial court erred in assessing attorney fees jointly against her. For the reasons set forth in Division 4 of this opinion, we likewise vacate the award as it pertains to Miller and remand the issue of attorney fees for further consideration after the new trial on Allen's petition for change of custody. In so holding, we need not address all of the arguments submitted by Miller.

*Case No. A16A1303*

6. In Case No. A16A1303, Miller asserts the same errors as those asserted in Case No. A16A1302. We therefore dismiss Case No. A16A1303 as redundant. See *First Southern Bank v. C & F Svcs., Inc.*, 290 Ga. App. 305, 309 (5) (659 SE2d 707) (2008).

*Judgment affirmed in part, reversed in part, vacated in part, and remanded in Case No. A16A1301; Judgment vacated and remanded in Case No. A16A1302; Case No. A16A1303 dismissed. Doyle, C. J., and Andrews, P. J., concur.*

12