**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**DOYLE,  P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT.  ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 23, 2021**

# In the Court of Appeals of Georgia

A21A0134. BENNETT v. McCLAM.

MCFADDEN, Chief Judge.

Letobra McClam filed a petition against Frank Bennett seeking to change custody of their son from Bennett to McClam. The trial court dismissed the petition and denied Bennett's motion for attorney fees. Bennett appeals. He argues that he is entitled to fees under OCGA § 9-15-14 (a), the frivolous litigation statute, because the dismissal of McClam's petition demonstrates that it completely lacked any justiciable issue of law or fact. But "[a] prevailing party is not per force entitled to an award of attorney fees under this statutory subsection." *Hyre v. Paxson*, 214 Ga. App. 552, 556 (10) (b) (449 SE2d 120) (1994). And absent a transcript of the hearing at which McClam presented her claim, we cannot evaluate Bennett's argument and we must presume that the trial court's ruling denying attorney fees on this basis is correct. Bennett also

argues that the trial court erroneously concluded that she was required to consider McClam's ability to pay when deciding whether to award Bennett fees under OCGA § 19-9-3 (g), which allows fees in child custody cases. We agree. The statute imposes no such requirement. So we vacate that portion of the order denying Bennett's motion for fees and remand the case for further proceedings.

1. *Factual background.*

McClam and Bennett, who have never been married, are the parents of a child. Bennett has primary physical custody of the child. McClam filed a petition for modification of custody, parenting time, and child support. The trial court conducted a final hearing, and following the presentation of McClam's case, Bennett moved to dismiss the petition. The trial court granted Bennett's motion to dismiss, finding that McClam had not established a change in circumstances substantially affecting the welfare of the child, a prerequisite to the court's consideration of a change of custody. See *Bankston v. Warbington*, 332 Ga. App. 29, 32 (1) (771 SE2d 726) (2015); OCGA § 19-9-3 (b).

Bennett filed a motion seeking attorney fees under OCGA § 9-15-14 (a) and (b) and OCGA § 19-9-3 (g). The trial court denied the motion. The court found that Bennett was not entitled to attorney fees under OCGA § 9-15-14 (a) or (b) because the court

could have accepted McClam's position and her petition did not lack substantial justification. The court then held that although Bennett otherwise might be entitled to OCGA § 19-9-3 (g) attorney fees, OCGA § 19-6-2 (a), which applies in divorce and alimony cases, required the court to consider McClam's ability to pay. The court concluded that given McClam's inability to pay, Bennett was not entitled to attorney fees under OCGA § 19-9-3 (g).

We granted Bennett's application for appeal, and this appeal followed. See generally *Voyles v. Voyles*, 301 Ga. 44 (799 SE2d 160) (2017).

2. *Denial of attorney fees under OCGA § 9-15-14 (a)*.

Bennett argues that the trial court abused her discretion in denying his request for fees under OCGA § 9-15-14 (a). He argues that the trial court's grant of his motion to dismiss McClam's petition shows that there existed a complete absence of any justiciable issue of law or fact. Bennett has not shown trial court error.

A trial court may award attorney fees under OCGA § 9-15-14 (a) where a party asserts a claim "with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim. . . ." OCGA § 9-15-14 (a). We will affirm a trial court's ruling on a claim for OCGA § 9-15-14 (a) attorney fees if there is any

3

evidence to support the ruling. *Century Center at Braselton, LLC v. Town of Braselton*, 285 Ga. 380, 382 (1) (677 SE2d 106) (2009).

The trial court's order granting Bennett's motion to dismiss McClam's petition states that the matter came before the court for a final hearing and both parties appeared represented by counsel. After reviewing the evidence and considering the parties' arguments, the court found that McClam had not established a change in circumstances substantially affecting the welfare of the child. Nonetheless, in the order denying Bennett's motion for fees, the court stated that, "[w]hile the Court ultimately found" that McClam had not made a sufficient showing, it "could have accepted" her claim.

And the appellate record does not contain a transcript of the final hearing. Absent the transcript, we cannot determine whether McClam presented any evidence that supports the trial court's finding that the court could have accepted McClam's claim. "The facts relevant to the fee award include [McClam's] presentation at [the final hearing of her claim]." *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116 (1) (511 SE2d 232) (1999). Absent the transcript of that hearing, we must assume that the trial court's finding that the court could have accepted McClam's position is correct. Id.

4

And because this finding is the basis of the trial court's denial of Bennett's motion for OCGA § 9-15-14 (a) attorney fees, we must affirm.

2. *Denial of attorney fees under OCGA § 19-9-3 (g)*.

Bennett argues that the trial court erred in concluding that OCGA § 19-6-2 (a) required her to consider the financial circumstances of the parties when deciding whether to grant Bennett's claim for fees under OCGA § 19-9-3 (g). We agree.

OCGA § 19-6-2 (a) "authorizes the trial court in a divorce action to exercise its sound discretion and, after considering the financial circumstances of the parties, to award attorney fees as necessary to ensure the effective representation of both parties." *Hoard v. Beveridge*, 298 Ga. 728, 730 (2) (783 SE2d 629) (2016) (citation and punctuation omitted). See also OCGA § 19-6-2 (a) (1) ("the court shall consider the financial circumstances of both parties as part of its determination of the amount of attorney's fees"). But the statute "is expressly limited to actions for alimony, for divorce and alimony, and for contempt of an order arising out of an action for alimony or divorce and alimony." *Viskup v. Viskup*, 291 Ga. 103, 107 (2) (727 SE2d 97) (2012)*.* This action is not a divorce or alimony case; it is a petition for modification of child custody. So OCGA § 19-6-2 (a) does not apply. *Viskup*, 291 Ga. at 107 (2).

5

OCGA § 19-9-3 (g), on the other hand, applies to custody actions other than those covered by OCGA § 19-6-2. *Viskup*, 291 Ga. at 107 (2). Subsection (g)—unlike OCGA § 19-6-2—contains no reference to financial circumstances; it provides in part:

> Except as provided in Code Section 19-6-2, and in addition to the attorney's fee provisions contained in Code Section 19-6-15, the judge may order reasonable attorney's fees and expenses of litigation, experts, and the child's guardian ad litem and other costs of the child custody action and pretrial proceedings to be paid by the parties in proportions and at times determined by the judge.

Because nothing in the statute "require[s] a trial court to consider the parties' financial circumstances in making the grant of attorney fees," *Viskup*, 291 Ga. at 107 (2), the trial court erred in concluding that she was required to consider the parties' financial circumstances when deciding whether to award Bennett attorney fees under OCGA § 19-9-3 (g). We vacate the trial court's order to the extent that it denied Bennett's petition for fees under OCGA § 19-9-3 (g) and remand for proceedings not inconsistent with this opinion.

*Judgment affirmed in part and vacated and remanded in part. Doyle, P. J., and Hodges, J. concur.*

6