### A08A0214. HAMLIN v. RAMEY.
(661 SE2d 593)

ELLINGTON, Judge.

The Superior Court of Gwinnett County entered an order legitimating the minor child of Kristen Ramey and Damian Hamlin and a consent order providing for custody, visitation, and related matters. In a subsequent order, the court determined the amount of child support and set out findings as required by OCGA § 19-6-15 (c) (2). Hamlin appeals the child support order, contending the trial court erred in failing to grant him a deviation from the presumptive amount of child support, based on his parenting time, and in failing to explain its conclusion that the parenting time deviation from the presumptive amount was not applicable. Finding no error, we affirm.

1. The child support order in this case shows that the trial court determined that, pursuant to the visitation schedule, Hamlin's proportional share of the parenting time is 35.8 percent annually.[1] Hamlin contends that, because his share of the annual total parenting time is far more than the "normal" amount of annual custodial time upon which the child support guidelines are based,[2] he is entitled to a downward deviation from the presumptive amount of child support. Resolution of Hamlin's argument requires an examination of recent legislative changes in the process of calculating child support.

---

[1] Hamlin's own calculations put the figure even higher, at 42.35 percent.

[2] The form order employed by the trial court noted:
Standard Visitation[,] with alternating weekends, holidays[,] plus [two] weeks during the summer[,] represents 20.8 [percent] parenting time for the noncustodial parent. With three weeks of summer vacation, the noncustodial parent's parenting time is 22.8 [percent,] and[,] with four weeks of summer vacation, the noncustodial parent's parenting time is 24.7 [percent].

The General Assembly revamped Georgia's child support guidelines in several acts passed in 2005 and 2006; the new guidelines took effect January 1, 2007.[3] As described by one commentator, "[i]nstead of calculating child support based on the non-custodial parent's income, the new 'income shares' model is designed to have the child support divided between the parties on a pro rata basis." (Footnote omitted.) Barry B. McGough et al., "Annual Survey of Georgia Law: Domestic Relations," 58 Mercer L. Rev. 133, 143-144 (VI) (Fall 2006).[4]

To calculate child support under the new guidelines, OCGA § 19-6-15 (b) requires a series of calculations to determine a presumptive amount of child support.[5] In the next step, "[i]n accordance with [OCGA § 19-6-15 (i)], deviations subtracted from or increased to the presumptive amount of child support are applied, if applicable, and if supported by the required findings of fact and application of the best interest of the child standard." OCGA § 19-6-15 (b) (8).[6] As a "[g]eneral principle[ ]" on the subject of deviations from the presumptive amount of child support, the statute provides:

> [t]he amount of child support established by this Code section and the presumptive amount of child support are rebuttable and the court or the jury may deviate from the presumptive amount of child support in compliance with this subsection. In deviating from the presumptive amount

---

[3] See Ga. L. 2005 (Act 52), pp. 224, 226-246, 252, §§ 5 (rewriting OCGA § 19-6-15, Child Support Guidelines), 13 (effective date); Ga. L. 2006 (Act 453), pp. 72, 79, 93, §§ 19 (correcting typographical and stylistic errors in OCGA § 19-6-15, as amended by Act 52), 55 (b) (2) (effective date); Ga. L. 2006 (Act 650), pp. 583, 585-628, 630, §§ 4 (replacing OCGA § 19-6-15, as amended by Act 52), 10 (b) (effective date); Ga. L. 2007 (Act 18), pp. 47, 51-53, 62, §§ 19 (correcting typographical and stylistic errors in OCGA § 19-6-15, as amended by Act 650), 55 (effective date).

[4] See also Jennifer Goodwin, Note, Peach Sheets, Domestic Relations, 22 Ga. St. U. L. Rev. 73, 81 (2005) (discussing Ga. L. 2005 (Act 52), p. 224 et seq.) ("Approximately 37 other states have enacted similar legislation adopting an income-shares model. Only four states still follow the obligor model, considering only the noncustodial parent's income.") (footnotes omitted).

[5] To calculate the presumptive amount of child support, the court or the jury (1) determines the monthly adjusted gross income of each parent; (2) adds the parents' respective adjusted gross incomes to find the parents' combined adjusted income; (3) uses the statutory tables to find the basic child support obligation established for the parents' combined adjusted income and number of children; (4) calculates each parent's pro rata share of the basic child support obligation, based on each parent's pro rata share of their combined adjusted income; and (5) adjusts the basic child support obligation to take into account health care and work-related child care expenses. OCGA § 19-6-15 (b) (1)-(7). See also OCGA §§ 19-6-15 (f) (calculating gross income); 19-6-15 (h) (adjusting the child support obligation for health care and work-related child care expenses).

[6] See also OCGA § 19-6-15 (a) (10) ("Deviation" means "an increase or decrease from the presumptive amount of child support if the presumed order is rebutted by evidence and the required findings of fact are made by the Court pursuant to" OCGA § 19-6-15 (i).).

of child support, primary consideration shall be given to the best interest of the child for whom support under this Code section is being determined.[7]

OCGA § 19-6-15 (i) (1) (A). Deviations may, "[i]n the court's or the jury's discretion," include "[p]arenting time[.]" OCGA § 19-6-15 (b) (8) (K).[8] With regard to parenting time specifically, the subsection on deviations provides:

> The child support obligation table is based upon expenditures for a child in [an] intact household[ ]. The court may order or the jury may find by special interrogatory a deviation from the presumptive amount of child support when special circumstances make the presumptive amount of child support excessive or inadequate due to extended parenting time or when the child resides with both parents equally.

OCGA § 19-6-15 (i) (2) (K) (i).

Thus, the current child support guidelines are premised on a rebuttable presumption that each parent should contribute to the financial support of their child in the same proportion as that parent's income relates to the sum of the parents' incomes, *without* regard to the amount of time the child spends with each parent. The guidelines permit the court or the jury to deviate from the presumptive amount, but only when the child resides with both parents equally or when special circumstances exist and such a deviation serves the best interest of the child. These qualitative determinations — whether special circumstances make the presumptive amount of child support excessive or inadequate and whether deviating from the presumptive amount serves the best interest of

---

[7]   See also OCGA § 19-6-15 (c) (1) ("The child support guidelines contained in this Code section are a minimum basis for determining the amount of child support and shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent. . . . The rebuttable presumptive amount of child support provided by this Code section may be increased according to the best interest of the child for whom support is being considered, the circumstances of the parties, the grounds for deviation set forth in subsection (i) of this Code section, and to achieve the state policy of affording to children of unmarried parents, to the extent possible, the same economic standard of living enjoyed by children living in intact families consisting of parents with similar financial means.").

[8]   See also OCGA §§ 19-6-15 (a) (17) ("Parenting time adjustment" means "an adjustment to the noncustodial parent's portion of the basic child support obligation based upon the noncustodial parent's court ordered visitation with the child."); 19-6-15 (g) ("*Parenting time adjustment.* The court or the jury may deviate from the presumptive amount of child support as set forth in" OCGA § 19-6-15 (i) (2) (K).); 19-6-15 (i) (2) (K) (ii) ("If the court or the jury determines that a parenting time deviation is applicable, then such deviation shall be applied to the noncustodial parent's basic child support obligation.").

the child — are committed to the discretion of the court or jury.[9] Under such a statutory scheme, we find it appropriate on appeal to review any findings based on disputed facts or witness credibility under the clearly erroneous standard and to review the decision to deviate, or not to deviate, from the presumptive amount of child support under the abuse of discretion standard.[10]

Implicit in the trial court's decision not to apply a parenting time adjustment to reduce the presumptive amount of child support in this case is the finding that Hamlin failed to prove one or both of the following predicates: (1) the proportional amount of Hamlin's parenting time constitutes a special circumstance which makes the presumptive amount of child support excessive; and (2) the child's best interest would be served by subtracting from the presumptive amount of child support. OCGA § 19-6-15 (b) (8), (i). Although Hamlin argues that he will incur "presumptive additional expenses related to the additional time that he has custody and care of the child," he has not specified what those expenses will be.[11] In addition, Hamlin has not articulated any basis for finding that the child's best interest would be served by subtracting from the presumptive amount of child support. Even taking as correct Hamlin's calculation that he will have 42.35 percent of the parenting time, Hamlin has not shown that the trial court abused its broad discretion under OCGA § 19-6-15 when it ordered child support based on the statutory formula, without applying the discretionary parenting-time devia-

---

[9] See OCGA § 19-6-15 (d) ("*Nature of guidelines; court's discretion*. In the event of a hearing or trial on the issue of child support, the guidelines enumerated in this Code section are intended by the General Assembly to be guidelines only and any court so applying these guidelines shall not abrogate its responsibility in making the final determination of child support based on the evidence presented to it at the time of the hearing or trial."); see also *Farrish v. Farrish*, 279 Ga. 551, 552 (615 SE2d 510) (2005) ("In the absence of any mathematical formula, fact-finders are given a wide latitude in fixing the amount of . . . child support [under former OCGA § 19-6-15], and to this end they are to use their experience as enlightened persons in judging the amount necessary for support under the evidence as disclosed by the record and all the facts and circumstances of the case.") (citation and punctuation omitted).

[10] See *Banciu v. Banciu*, 282 Ga. 616, 618-619 (2) (652 SE2d 552) (2007) (applying abuse of discretion standard where, under former OCGA § 19-6-15, the trial court deviated upward from the presumptive amount of child support); *Messaadi v. Messaadi*, 282 Ga. 126, 128-129 (2) (646 SE2d 230) (2007) (applying abuse of discretion standard where, under former OCGA § 19-6-15, the trial court set child support at a rate higher than the middle of the applicable statutory percentage in the child support).

[11] We note that an earlier version of the amended child custody guidelines (which was replaced by the current version before taking effect) contained a presumption that a noncustodial parent whose share of the parenting time is greater than 100 days per year (about 27.4 percent) will duplicate some child-rearing expenses borne by the custodial parent and authorized a reduction of child support according to a schedule. See Ga. L. 2005 (Act 52), pp. 224, 244-245, § 5. For a discussion of the legislative debate concerning this provision, see Jennifer Goodwin, Note, Peach Sheets, Domestic Relations, 22 Ga. St. U. L. Rev. 73, 77-81 (2005).

tion. Cf. *Banciu v. Banciu*, 282 Ga. 616, 618-619 (2) (652 SE2d 552) (2007) (affirming child support award under former OCGA § 19-6-15 where an upward deviation from the presumptive amount of support was justified by special circumstances that made the presumptive amount of support inadequate).

2. Hamlin contends "the trial court erred in its findings on the issue of child support by failing to set forth any criteria or reasoning concerning the applicability or non-applicability of a deviation based on parenting time." He asks that this Court remand this case "for further factual determinations of the actual percentage of parenting time enjoyed by each parent," with guidance regarding what criteria should be applied to determine whether a deviation applies, whether written findings should be made, and how the parenting time deviation should be calculated.

OCGA § 19-6-15 (c) (2) requires that a child support order contain several specific provisions, including the parents' gross income as determined by the court or the jury, the amount of the noncustodial parent's parenting time as set forth in the order of visitation, certain findings regarding health insurance coverage for the child and the apportionment of the child's uninsured health care expenses, the sum certain amount one parent shall pay to the other, the manner and frequency of payment, and the duration of the support obligation. In addition, the order shall

[i]nclude written findings of fact as to whether one or more of the deviations allowed under this Code section are applicable, and[,] if one or more such deviations are applicable as determined by the court or the jury, the written findings of fact shall further set forth:

(i) The reasons the court or the jury deviated from the presumptive amount of child support;

(ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and

(iii) A finding that states how the court's or the jury's application of the child support guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support and how the best interest of the child who is subject to the child support determination is served by deviation from the presumptive amount of child support.

OCGA § 19-6-15 (c) (2) (E). Somewhat redundantly, the subsection on deviations provides:

> When ordering a deviation from the presumptive amount of child support, the court or the jury . . . shall make written findings or special interrogatory findings that an amount of child support other than the amount calculated is reasonably necessary to provide for the needs of the child for whom child support is being determined and the order or special interrogatory shall state:
>
> (i) The reasons for the deviation from the presumptive amount of child support;
>
> (ii) The amount of child support that would have been required under this Code section if the presumptive amount of child support had not been rebutted; and
>
> (iii) How, in its determination:
>
> (I) Application of the presumptive amount of child support would be unjust or inappropriate; and
>
> (II) The best interest of the child for whom support is being determined will be served by deviation from the presumptive amount of child support.

OCGA § 19-6-15 (i) (1) (B). Thus, the order must contain a written finding of fact as to whether any deviations are applicable. If any deviation applies *and* the court or jury decides to deviate from the presumptive amount of child support, then the order must explain how the court or jury reached that decision.

On the other hand, we conclude from the plain language of OCGA § 19-6-15 that the converse is not the case. That is, if *no* deviation applies and the court or jury decides *not* to deviate from the presumptive amount of child support, then the order need *not* explain how the court or jury reached that decision. Because the trial court in this case decided to award the presumptive amount of child support without applying a discretionary deviation, OCGA § 19-6-15 does not require the court to issue findings to explain its reasoning in reaching that decision. Accordingly, we decline to remand this case.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED APRIL 4, 2008 —
RECONSIDERATION DENIED APRIL 18, 2008.

*Belli, Weil, Grozbean & Davis, Douglas J. Davis, Marc E. Sirotkin*, for appellant.
*Joseph E. Cheeley III*, for appellee.