S08A0363. WADE v. CORINTHIAN.
(661 SE2d 532)

HINES, Justice.

This Court granted an appeal from the dismissal of the plaintiff mother's petition for change of custody of her son, which petition included a request for child support, in order to consider three questions: whether a trial court is authorized to enter an order changing custody of a child when the child is under 18 at the time the petition is filed, but over 18 at the time the trial court's ruling is made; whether a trial court may award child support where the request for such support is filed before the child turns 18 but is ruled on after the child turns 18; and whether a trial court may award child support in a modification action for a child over 18 pursuant to OCGA § 19-6-15 (e). We answer all three questions in the affirmative.

Constance Wade f/k/a Corinthian ("Wade") and Trevor Corinthian ("Corinthian") were granted a divorce by the Superior Court of DeKalb County in 1994. Incorporated into the final judgment and decree of divorce was a settlement agreement that awarded Corinthian custody of the parties' then three minor children. Some time during or after 2000, the children elected to reside with Wade and did so without any modification of the custody award. On November 14, 2006, Wade filed the present action in the Superior Court of DeKalb County seeking a change of custody and consequent child support for their youngest child, a son who was then 17 years old; the petition was supported by the son's affidavit averring that he had been residing with his mother for several years and that he wished to remain in her custody and control during the remainder of his minority. The trial court conducted a hearing on July 24, 2007, by which time the son had become 18 years old. See OCGA § 39-1-1 (a).[1] Although no longer a minor, the son had not yet completed high school. On August 1, 2007, the trial court entered the order at issue, dismissing Wade's petition on the ground that it lacked jurisdiction to enter an order changing custody of a child who had reached the age of majority.

1. As a threshold matter, Wade contends that the trial court erred in failing to consider her petition for change of custody as also a

---

[1] OCGA § 39-1-1 (a) provides:
  The age of legal majority in this state is 18 years; until that age all persons are minors.

petition for child support, and Corinthian urges that Wade's pleading did not meet the requirements for a petition to modify child support pursuant to former OCGA § 19-6-19 (a).[2] Undeniably, the change of custody petition included the request for child support, and the child support claim was inextricably tied to Wade's petition to gain legal custody of the son; therefore, it met the requirements of former OCGA § 19-6-19 (a). *Facey v. Facey*, 281 Ga. 367, 369 (2) (638 SE2d 273) (2006). However, the trial court's dismissal of the custody petition based upon its finding that it lacked the authority to entertain it effectively rendered moot the consideration of a concomitant award of support.

2. Thus, the seminal question is whether the trial court was authorized to entertain the petition for change of custody, and potentially enter an order changing custody, when the child was a minor at the time the petition was filed, but over 18 at the time an order on the petition would issue. And plainly, the trial court was authorized to do so.

Certainly a trial court has jurisdiction over the custody of a child during the child's entire minority, and even in the face of the child's selection of the custodial parent. As Wade points out, OCGA § 19-9-1 (a) (3) (A) provides:

> In all cases in which the child has reached the age of 14 years, the child shall have the right to select the parent with whom he or she desires to live. The child's selection shall be controlling, unless the parent so selected is determined not to be a fit and proper person to have the custody of the child.

Thus, even though the choice of custodial parent by a child over 14 is normally controlling, the supervisory role of the trial court is extant, and the court is required to make a custody determination in a situation of alleged parental unfitness. While there is not an issue of parental unfitness in this case, the trial court had authority to intervene, if necessary, in the minor son's selection of custody at the time the petition for change of custody was filed. The trial court did not lose its authority to enter an order regarding the son's custody merely because the order would be entered after the son reached the age of 18. The child's change of legal custody, even if for a brief period

---

[2] OCGA § 19-6-19 (a) in effect at the time Wade's petition was filed provided in pertinent part:

The judgment of a court providing permanent alimony for the support of a child or children rendered on or after July 1, 1977, shall be subject to revision upon petition filed by either former spouse showing a change in the income and financial status of either former spouse or in the needs of the child or children.

of time prior to his majority, is certainly relevant on the question of child support for that period of time, as demonstrated by this case.

3. Indeed, the fact that a ruling on a petition for child support filed while the child is a minor is not made until after the child reaches majority does not divest the parent of his or her right to seek an award of child support from the time of filing the petition for the remaining period of the child's minority. Moreover, child support may not be contingent on the child remaining a minor, that is, ordered financial assistance may extend into the child's majority. OCGA § 19-6-15 (e) states in pertinent part:

> The duty to provide support for a minor child shall continue until the child reaches the age of majority, . . . provided, however, that, in any temporary, final, or *modified order for child support* with respect to any proceeding for divorce, separate maintenance, legitimacy, or paternity entered on or after July 1, 1992, the court, in the exercise of sound discretion, may direct either or both parents to provide financial assistance to a child who has not previously married or become emancipated, who is enrolled in and attending a secondary school, and who has attained the age of majority before completing his or her secondary school education, provided that such financial assistance shall not be required after a child attains 20 years of age.

(Emphasis supplied.) What is more, it is plain that a trial court may award child support in a modification action for a child over 18 pursuant to OCGA § 19-6-15 (e). The express language in the statutory provision contemplates a "modified order for child support." In fact, this Court has determined, in the context of OCGA § 19-6-15 (e), that a custodial parent seeking to extend child support payments for a child who has reached the age of majority but has not completed his or her secondary education may wait until after the child turns 18 to file an action for such modification of child support. *Ferguson v. Ferguson*, 267 Ga. 886, 887 (1) (485 SE2d 475) (1997).[3]

Accordingly, the judgment of the trial court dismissing Wade's petition on the basis of lack of jurisdiction is reversed and the case is remanded to the trial court for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

---

[3] Former OCGA § 19-6-15 (e), in effect at the time of the decision in *Ferguson*, did not itself contain a specific reference to a child support order entered pursuant to a modification; however, former subsection (f) of the statute expressly applied the provisions of subsection (e) to "an action for modification of a decree."

DECIDED MAY 19, 2008.

*Gloria Smith-Grimes*, for appellant.
*Alonzo Nelson*, for appellee.