## S12A1131. STODDARD v. MEYER.

(732 SE2d 439)

BENHAM, Justice.

Appellant Alyce Stoddard ("Mother") and appellee Charles D. Meyer ("Father") were divorced in 2007. By the terms of their divorce decree, Mother had primary physical custody of the couple's minor son, Father had regular visitation (five nights out of every fourteen days, plus defined holiday and summer visits), and Father paid Mother $200 monthly in child support. The parties concede that after entry of the divorce decree, they mutually implemented a different visitation arrangement whereby the child was in the custody of each parent an equal amount of time (one week on/one week off). This mutual arrangement continued for a period of approximately three years. In November 2010, Father petitioned the court for a modification of custody such that the parties had joint physical custody of the child and for a modification of child support such that Mother, who had the higher income of the two parents, would be required to pay Father the difference between his support obligation and her support obligation. Mother counterclaimed for a modification increasing Father's child support obligation. While the case was pending, the parties reverted back to the visitation schedule set forth in the divorce decree. A trial was held on the modification petition in August 2011. In September 2011, the trial court issued a final order allowing Mother to retain primary physical custody of the child. The trial court also modified the visitation schedule such that it mirrored the parties' mutual arrangement of equal parenting time. The order also required Mother to pay monthly child support to Father in the amount of $667, which was the difference between Mother's support obligation of $1,037 and Father's support obligation of $370, as delineated in the trial court's child support worksheet pursuant to OCGA § 19-6-15 (b).

Mother subsequently moved for "reconsideration"[1] of the trial court's decision regarding her obligation to pay child support to Father. She argued that because she had been designated as the primary physical custodian, she was not required to pay child support to Father. The trial court held a hearing to consider Mother's motion. In December 2011, the trial court modified its final order for the purposes of child support only and designated Father as the custodial parent pursuant to OCGA § 19-6-15 (a) (9),[2] and Mother as the noncustodial parent per OCGA § 19-6-15 (a) (14).[3] The trial court concluded that Mother was still obligated to pay child support to Father. On appeal, Mother maintains the trial court erred when it ordered her to pay monthly child support to Father. For reasons that follow, we affirm.

OCGA § 19-6-15 is the statutory framework for establishing child support obligations. OCGA § 19-6-15 (k) (1) provides that a parent may seek a modification of a prior child support decision when there is a "substantial change in either parent's income and financial status or the needs of the child." In his modification petition, Father averred the parties' three-year equal parenting schedule as one of the bases for modifying child support.[4] In its original September 2011 order on modification, the trial court found that though conditions had changed for the child since the decree, the changes were not "material" enough to warrant granting primary physical custody to Father. However, when the trial court issued its December 2011 order

---

[1] The Civil Practice Act does not provide for a motion for reconsideration. Rather than focusing on the nomenclature of the motion, the trial court concluded that it had authority to modify its order because Mother's motion was filed in the same term of court. We think Mother's motion was more akin to a motion for new trial and was timely filed within 30 days of the trial court's September 2011 order. The trial court held a hearing on same in which both parties participated.

[2] OCGA § 19-6-15 (a) (9) defines "Custodial parent" as

. . . the parent with whom the child resides more than 50 percent of the time. Where a custodial parent has not been designated or where a child resides with both parents an equal amount of time, the court shall designate the custodial parent as the parent with the lesser support obligation and the other parent as the noncustodial parent. Where the child resides equally with both parents and neither parent can be determined as owing a greater amount than the other, the court shall determine which parent to designate as the custodial parent for the purpose of this Code section.

[3] OCGA § 19-6-15 (a) (14) defines "Noncustodial parent" as:

. . . the parent with whom the child resides less than 50 percent of the time or the parent who has the greater payment obligation for child support. Where the child resides equally with both parents and neither parent can be determined as owing a lesser amount than the other, the court shall determine which parent to designate as the noncustodial parent for the purpose of this Code section.

[4] Other changes that had occurred in the parties' lives were Mother's remarriage, Father's impending remarriage, and the child's increased age.

on Mother's motion, the trial court decided that because it had found the parties' parenting time to be "virtually equal," it was obligated under OCGA § 19-6-15 (a) (9) and (a) (14) to designate Father as the custodial parent and Mother as the noncustodial parent.

Although Mother alleges the trial court's September 2011 order and December 2011 order are inconsistent, the trial court did not err in its final outcome. The equal parenting arrangement the parties adopted after the divorce constituted the substantial change in the child's needs[5] authorizing a modification of child support per OCGA § 19-6-15 (k) (1). See also OCGA § 19-6-15 (i) (2) (K); *Facey v. Facey*, 281 Ga. 367 (638 SE2d 273) (2006) (extended visitation may be basis to modify child support payment). Since it was undisputed under the September 2011 order that the child was spending equal time with the parents and that Mother had the higher income and a higher child support obligation than Father, the statutory definitions provided by OCGA § 19-6-15 (a) (9) and (a) (14) required the trial court to designate Father as the custodial parent and Mother as the noncustodial parent in this case. The trial court did not err when it ordered Mother to pay child support under the circumstances.[6] Accordingly, the trial court's judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Ballard, Stephenson & Waters, W. Michael Waters, Billy J. Waters*, for appellant.
*Foster & Hanks, Marcy A. Hanks*, for appellee.

---

[5] In its December 2011 order, the trial court noted that the guardian ad litem recommended the equal parenting time schedule as being in the best interest of the child, and that the arrangement facilitated the child's attendance at a school that was in the county school system in which Father worked as a teacher.

[6] Mother alleged in her motion for "reconsideration" that the child support worksheet was "inadequate," but provided no argument or explanation of the allegation. Mother now alleges on appeal that the amount of child support is an improper deviation. The amount is not a deviation, but rather the net effect of Father paying $370 to Mother and Mother paying $1,037 to Father, the difference being $667 to Father.