**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**October 30, 2014**

# In the Court of Appeals of Georgia

A14A1328. BLUMENSHINE v. HALL.

ANDREWS, Presiding Judge.

Joshua F. Blumenshine appeals from the order of the Superior Court of Oglethorpe County modifying custody of his minor children and determining child support obligations under OCGA § 19-6-15 and related issues.

Joshua and Michelle Blumenshine divorced in Wyoming in 2008 with three minor children the issue of their marriage – twins born on August 17, 2001 and a third child born on March 22, 2004. The Wyoming divorce decree awarded the parties joint legal custody of the children and awarded the mother physical custody subject to the father's visitation rights. The mother relocated from Wyoming to Oglethorpe County, Georgia, and both parties subsequently married new spouses. The mother's current married name is Michelle Leigh Hall. In April 2011, the Oglethorpe County

Superior Court issued an order on Blumenshine's petition to modify the Wyoming decree and on Hall's counterclaim. At the time, evidence showed that Blumenshine was scheduled to live with his new wife (a member of the United States Air Force) at a military base in Germany, and Hall was scheduled to live with her new husband (a member of the United States Army) at a military base in the state of Washington. Considering the circumstances, the Court's April 2011 modification order awarded Blumenshine and Hall joint physical and legal custody of the three children and gave each parent primary physical custody of the children for alternating years. While the children were in Blumenshine's primary custody for the first year (June 2011 to June 2012) pursuant to the April 2011 modification order, Blumenshine filed another petition for modification of custody in December 2011 in the Oglethorpe County Superior Court seeking sole custody of the children on grounds that changed circumstances showed Hall was not fit to have the children returned to her primary custody for the next school year under the April 2011 order. Hall answered and counterclaimed alleging changed circumstances showing that she was entitled to modification of custody awarding her physical custody of the children. The December 2011 modification action and counterclaim was tried before the Superior Court, which issued a final order in November 2013 giving Hall and Blumenshine joint legal

2

custody of the three children, giving Hall primary physical custody (subject to Blumenshine's visitation rights), determining child support obligations pursuant to OCGA § 19-6-15, ruling that Hall had the right to claim the income tax dependency exemptions for the children, and awarding attorney fees to Hall.

Blumenshine appeals from the Superior Court's November 2013 order. For the following reasons, we affirm the child custody determination and the ruling on dependency exemptions, reverse the child support determination, vacate the attorney fee award, and remand the case to the trial court for reconsideration of child support and attorney fees in accordance with this opinion.

1. Blumenshine contends that the Superior Court erred by changing custody and awarding physical custody of the three children to Hall.

> A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. If there has been such a change, then the court should base its new custody decision on the best interest of the child. . . . The evidence sufficient to warrant a modification of custody can consist of a change in material conditions which have a positive effect on the child's welfare as well as changes which adversely affect the child.

*Viskup v. Viskup*, 291 Ga. 103, 105 (727 SE2d 97) (2012) (citations omitted). "A trial court faced with a petition for modification of child custody is charged with

3

exercising its discretion to determine what is in the child's best interest." Id. A court's determination that there has been a material change in condition supporting a modification of custody will be affirmed on appeal absent abuse of discretion, and "[w]here there is any evidence to support the trial court's ruling, a reviewing court cannot say there was an abuse of discretion." *Vines v. Vines*, 292 Ga. 550, 552 (739 SE2d 374) (2013).

There was evidence to support the Superior Court's determination that, while the children were in Blumenshine's primary custody, he denied Hall the opportunity to have contact with the children on more than one occasion in violation of the Court's prior custody award, and that he took actions attempting to alienate the children from Hall. Because there was evidence to support the Court's order modifying custody between fit parents, the order awarding physical custody to Hall was not an abuse of discretion.

2. Blumenshine contends that the Superior Court erred by allocating the income tax dependency exemptions for the children to Hall.

Blumenshine contends that, because the 2008 Wyoming divorce decree awarded him the income tax dependency exemption for one of the children, the Superior Court in this case was bound by the Wyoming decree. Blumenshine does not

contest the jurisdiction of the Georgia Superior Court in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (OCGA § 19-9-40 et seq.). Because there was reasonable evidence of changed circumstances which supported the Superior Court's award of physical custody of the children to Hall, the Court was not bound by the prior ruling of the Wyoming court with respect to the dependency exemption. OCGA § 19-9-93. The Court did not err in finding that the parent who was awarded physical custody of the children, Hall, was entitled to claim the dependency exemptions for the three children. *Bradley v. Bradley*, 270 Ga. 488, 488-489 (512 SE2d 248) (1999); *Frazier v. Frazier*, 280 Ga. 687, 687-688 (631 SE2d 666) (2006).

3. Blumenshine contends that the Superior Court erred by considering his new wife's income in calculating his shared child support obligation under OCGA § 19-6-15.

The provisions of OCGA § 19-6-15 set forth the statutory framework for establishing or modifying child support obligations on an income-shares model, which divides child support between the parents on a pro rata basis. *Hamlin v. Ramey*, 291 Ga. App. 222, 223 (661 SE2d 593) (2008) (punctuation and citation omitted); *Stoddard v. Meyer*, 291 Ga. 739, 740 (732 SE2d 439) (2012). To determine a

5

presumptive amount of child support under this framework requires a series of calculations which begins with a determination of the monthly gross income of each parent. *Hamlin*, 291 Ga. App. at 223; OCGA §§ 19-6-15 (b), (f); 19-6-15 (a) (12).

Blumenshine contends that the Superior Court erroneously included a portion of his new wife's income as a Captain in the United States Air Force to calculate his child support obligation under OCGA § 19-6-15. We agree. The Court's order calculating child support refers to an attached child support worksheet and addendum which shows that, in calculating Blumenshine's child support obligation, the Court used a finding that he had a monthly gross income from salary and wages of $4,000.00, and also stated that the "Court uses one half of Father's Wife's income which significantly reduces his living expenses exclusive of BAH [military basic allowance for housing] in order to have accurate reflection of parties' incomes and lifestyles and best interests of children." Nothing in OCGA § 19-6-15 authorized the court to consider the income or other resources of Blumenshine's new spouse as a part of the calculation of his child support obligation. Blumenshine's new wife had no legal obligation to contribute, directly or indirectly, to the support of Blumenshine's children from his prior marriage. *Wood v. Wood*, 166 Ga. 519, 519 (143 SE 770) (1928) (stepparent who has not assumed a duty of support by standing

6

in loco parentis has no legal duty to support a minor stepchild). Accordingly, even if the income of Blumenshine's new wife reduced his living expenses, contributed to a better lifestyle, or enabled him to devote more of his income to child support, the Court erred by using his new wife's income to calculate his gross income under OCGA § 19-6-15. Under OCGA § 19-6-15 (b), the process of calculating shared child support obligations considers the income and other resources of the child's custodial and noncustodial parents, defined in OCGA § 19-6-15 (a) (16) as persons who owe the child a legal duty to provide support as set forth in OCGA § 19-7-2. By contrast, when calculating gross income to determine shared child support obligations, OCGA § 19-6-15 (f) (2) (D) provides that the gross income of a "nonparent custodian" (defined in OCGA § 19-6-15 (a) (15) as a person with legal custody of a child or a legal right to seek, modify, or enforce child support) is excluded from the calculation.

Hall points out that, despite the fact that the Court found Blumenshine had wages and salary amounting to a monthly gross income of $4,000.00, the order also found that Blumenshine had a "gross monthly income earning capability" of $4,000.00 "based on education, earning ability, evidence at trial, and financial circumstances and lifestyle of the Father in addition to the Father's income, resources which are used to decrease living expenses, military benefits and other considerations

7

based on the evidence at trial and further explained [in] the [attached] child support worksheet and addendum."

> In certain circumstances, earning capacity rather than gross income may be used to determine child support, and while a party's past income is some evidence of earning capacity, it alone is not conclusive, but must be considered along with other relevant circumstances. *Duncan v. Duncan*, 262 Ga. 872, 873 (1) (426 SE2d 857) (1993). Many other factors need to be examined in order to determine earning capacity, including a party's level of education and any specialized training or skill; whether there is any evidence of the suppression of income; the presence of assets and liabilities; and the existence of other funds available to the party from which the award may be paid. *Banciu v. Banciu*, 282 Ga. 616, 618 (1) (652 SE2d 552) (2007). In order to sustain an award of child support premised upon earning capacity, there must be evidence that the parent then has the ability to earn an amount sufficient to pay the award of support; otherwise, the award cannot stand.

*Herrin v. Herrin*, 287 Ga. 427, 428-429 (696 SE2d 626) (2010). Even if the Court determined child support on the basis that Blumenshine had the capacity to earn a monthly gross income of $4,000.00, it is apparent from the Court's order that its determination was based in part on an erroneous consideration of the income of Blumenshine's new wife.

Because evidence showed that Blumenshine's income from military disability payments and other sources was substantially less than the monthly gross income of $4,000.00 calculated by the Court, and the Court erroneously considered his new

8

wife's income in calculating child support obligations, we reverse the Court's ruling with respect to its determination of child support, and remand the case for reconsideration of this issue in accordance with the evidence and this opinion. *Franklin v. Franklin*, 294 Ga. 204 205-207 (751 SE2d 411) (2013).

4. Blumenshine contends that the Superior Court erred by requiring him to pay for a portion of the cost of the children's extracurricular activities such as "sports, music, camps, summer activities, after school programs, art classes, theater and plays" in addition to the presumptive amount of child support. He contends that, because the Court failed to make the necessary findings to determine that a deviation from the presumptive amount of child support should apply for payment of these extraordinary expenses, this constituted an unauthorized separate child support award outside the parameters of his statutory support obligation. OCGA §§ 19-6-15 (b) (8) (J); 19-6-15 (i) (1) (B); 19-6-15 (i) (2) (J) (ii); *Turner v. Turner*, 285 Ga. 866, 867-868 (684 SE2d 596) (2009), disapproved on other grounds, *McCarthy v. Ashment-McCarthy*, 295 Ga. 231, 233 n.1 (758 SE2d 306) (2014). Blumenshine did not raise the Court's failure to make these findings prior to filing the notice of appeal, and raised the issue for the first time on appeal. Accordingly, appellate review of the issue has been waived. *McCarthy*, 295 Ga. at 232-233. Nevertheless, because the issue of statutory child

support obligations was remanded for reconsideration in division 3, supra, the Court must also reconsider this support issue on remand in accordance with the evidence and this opinion.

5. Blumenshine contends that the Superior Court erred by awarding attorney fees to Hall without evidence sufficient to support the award.

Hall sought the award of attorney fees in her counterclaim without stating a statutory basis for the award, and the Court's order states no statutory basis for its award of attorney fees to Hall in the amount of $15,000.00. In the present action to modify child custody and support, the Court was authorized to award attorney fees under OCGA § 19-9-3 (g) or OCGA § 19-6-15 (k) (5). *Viskup*, 291 Ga. at 106-107.[1]

> When there is more than one statutory basis for the attorney-fee award and neither the statutory basis for the award nor the findings necessary to support an award is stated in the order and a review of the record does not reveal the basis of the award, the case is remanded for an explanation of the statutory basis for the award and the entry of any findings necessary to support it.

Id. at 106. Although Hall testified as to the amount of attorney fees she had incurred, there was no evidence sufficient to prove that those fees were reasonable.

---

[1] Although Hall suggested in a trial court brief that the Court could award attorney fees pursuant to OCGA § 19-6-2, that was not a proper basis for an award in this case. *Viskup*, 291 Ga. at 107.

> When a party seeking attorney fees has failed to present an essential element of proof, but the trial court nevertheless awarded attorney fees, we have consistently reversed or vacated that portion of the judgment awarding the attorney fees and remanded the case to the trial court to hold an evidentiary hearing to allow the party, if possible, to cure the matter.

*Driver v. Sene*, 327 Ga. App. 275, 279-280 (758 SE2d 613) (2014).[2] Accordingly, we vacate the award of attorney fees and remand the case for the Court to reconsider this issue in accordance with this opinion, to state the statutory basis for any award and any necessary findings to support it, and to conduct an evidentiary hearing on the attorney fee issue. Id. at 280.

*Judgment affirmed in part; reversed in part; vacated in part; and case remanded. McFadden and Ray, JJ., concur.*

---

[2] Blumenshine did not move at the bench trial to dismiss Hall's attorney fee counterclaim on the basis of insufficient evidence. Compare *Sugarloaf Mills Ltd. Partnership of Ga. v. Record Town, Inc.*, 306 Ga. App. 263, 265-266 (701 SE2d 881) (2010); *Aldworth Co. v. England*, 281 Ga. 197, 198-201 (637 SE2d 198) (2006).