**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 31, 2024**

# In the Court of Appeals of Georgia

A24A0478. YNTEMA v. SMITH.

DOYLE, Presiding Judge.

In this ongoing child support and custody dispute, Howard Yntema ("the Father") appeals from three orders entered pursuant to an amended petition for modification of child support and custody filed by Leah Smith ("the Mother"). The Father contends that the trial court erred by (1) requiring him to pay back-expenses to the Mother for a period during which she was ordered to pay child support to the Father, (2) failing to award him child support for O. Y., a child who lived primarily with him, (3) not including expenses paid by the Mother's husband in the Mother's child support calculations, and (4) awarding attorney fees to the Mother without a

statutory basis. For the reasons that follow, we affirm in part, vacate in part, and remand with direction.

The relevant record shows that the Mother and Father were divorced in 2010. They had two children, O. Y., born in July 2005, and E. Y., born in May 2007. According to the divorce decree, the Father had primary physical custody, and the Mother was ordered to pay $250 monthly child support payments to the Father. The child support obligation continued until, among other things, the children cease to live with the Father or reach 18 years of age, provided that the support continues until the age of 20 if the child is still enrolled in high school.

The Mother filed certain petitions to modify the arrangement, including one in 2017 seeking joint physical custody. In 2022, amid ongoing disputes,[1] the Mother and Father entered into a consent interlocutory order in June 2022, later amended in July 2022 ("July 2022 Consent Order"), requiring the parties to enter reunification therapy and allowing the Mother to have temporary sole physical custody and the

---

[1] Some of these disputes are the subject of a recent opinion addressing separate issues with related parties. See *Yntema v. Smith*, ___ Ga. App. ___ (Case Nos. A23A1562, A23A1563; decided Mar. 12, 2024).

Father temporarily having no contact with the children.[2] Neither order changed the Mother's child support obligation.

In June 2023, the Mother filed an amended petition for modification of custody and child support as well as attorney fees. On July 7, 2023, O. Y. turned 18 years old and moved to live with the Father, but he was still enrolled in high school. On July 28, 2023, the trial court held an evidentiary hearing on the Mother's request for child support, and the Mother introduced evidence of various child-related expenses she had incurred since the children came to live with her the prior year.

Following the hearing, the trial court entered three orders: one awarding past expenses related to the children, one awarding attorney fees related to her pursuit of child support, and one awarding child support to the Mother. The Father now appeals, assigning error to each order.

1. The Father first contends that the trial court erred by ordering "back child support" during a period in which the Mother's obligation to pay him child support had not been modified or terminated. Based on the particular award made, we disagree.

---

[2] The order was amended again in September 2022, to revise certain therapy provisions not relevant to this appeal.

The written order granted the Mother "a portion of the actual expenses she incurred for the children from July 7, 2022[,] through July 31, 2023," to account for the time during which she had full custody of the children, but no child support award was in effect. The court relied on evidence produced by the Mother that itemized her expenses for that time period and documented her payment of the expenses. The court excluded certain amounts, such as a free gym membership, that were not actually incurred, as well as approximately $95,000 in travel and therapy expenses associated with the reunification process ordered under the July 2022 Consent Order.[3] Once the court reached a total recoverable amount expended by the Mother, the court wrote that it "deemed that the [Father's] portion of expenses should be ninety (90%) percent. That amount equals $39,731.8[1]."[4] The court then reduced that amount by $2,500 — the equivalent of the Mother's ten months of missed child support payments that she technically owed but had not paid because the court had orally

---

[3] The July 2022 Consent Order provided that the parents generally would share these costs, and the expenses had not yet been reallocated. The trial court's order noted that the Mother's pending reallocation request would be addressed in the future.

[4] According to the math, the written amount in this portion of the order is incorrect due to an apparent scrivener's error.

eliminated her child support obligation but had not reduced it to writing. Thus, the final award was $37,231.81.

Under *Weaver v. Chester*,[5] parents may recover back child support reflecting a portion of the actual expenses incurred by the custodial parent.[6]

> While this amount is considered when determining the maximum for a back support award, a trial court must also follow the Child Support Guidelines, which would include at least a consideration of the custodial parent's income, the noncustodial parent's income, and other child support obligations of the parents.[7]

This is because

> Georgia's child support laws establish a presumption that the custodial parent will bear the expenses related to the children, assisted by child support paid by the non-custodial parent, *with the amount of the child support obligation calculated principally in proportion to the adjusted gross income of each parent. . . .*

---

[5] 195 Ga. App. 471 (393 SE2d 715) (1990).

[6] See id. at 472.

[7] (Citations and punctuation omitted.) *Day v. Mason*, 357 Ga. App. 836, 839 (1) (851 SE2d 825) (2020).

The presumptive amount of child support calculated pursuant to the statutory child support guidelines is not conclusive. . . . *The trial court also has considerable discretion to deviate from the presumptive child support amount based on the many specific deviations listed in the guidelines or on other grounds, but only after supporting any deviation with written findings of fact.* Indeed, the guidelines enumerate a set of specific deviations for "extraordinary expenses," which allow the child support obligation to vary from the "average child rearing expenditures for families given the parents' combined adjusted income and number of children." The guidelines also provide a specific deviation to reflect "parenting time," if the child spends extended time with the noncustodial parent so that parent would bear more of the child's regular expenses. *Any such deviations, however, must be identified and supported on Schedule E of the child support worksheet, which in turn must be attached to the trial court's final child support order or judgment.*[8]

Aside from "deem[ing] that the [Father's] portion of expenses should be [90] [percent]," the trial court's order does not engage in any of the statutorily mandated fact-finding, nor does it analyze any deviations from the statutory presumptions. Accordingly, we vacate the award of 90 percent of back expenses and remand for the

---

[8] (Citations omitted; emphasis supplied.) *Hardman v. Hardman*, 295 Ga. 732, 736-737 (3) (b) (763 SE2d 861) (citing OCGA § 19-6-15).

6

trial court to engage in the fact finding and analysis in accordance with OCGA § 19-6-15.[9]

We note that the Father argues that the $250 child support award due from the Mother during the relevant time frame had not been modified and was therefore res judicata as to *his* child support obligation during that time frame. But a trial court retains discretion to modify a child support award if warranted, and the trial court did reduce the Father's back-expense obligation by the amount owed by the Mother under the $250 award in effect during the relevant time period. Therefore, under the facts of this case, the prior child support award in favor of the Father did not prevent the court from awarding certain past expenses to the Mother (calculated in accordance

---

[9] See *Medley v. Mosley*, 334 Ga. App. 589, 594 (3) (780 SE2d 31) (2015) (remanding the case "[b]ecause the record does not reflect that the superior court applied the child support guidelines to the parties' incomes . . . to support the Court's decision to award Mosley half his proven expenditures"). See generally OCGA § 19-6-15 (c) ("The child support guidelines contained in this Code section are a minimum basis for determining the amount of child support and shall apply as a rebuttable presumption in all legal proceedings involving the child support responsibility of a parent. This Code section shall be used when the court enters a temporary or permanent child support order."); OCGA § 19-6-15 (m) ("The child support worksheets and any schedule that was prepared for the purpose of calculating the amount of child support shall be attached to the final court order or judgment.").

7

with OCGA § 19-6-15) during the time the Mother had exclusive custody of the children.[10]

2. The Father also argues that the trial court erred by not awarding child support for O. Y., who was under the age of 20, enrolled in high school, and living with the Father. We agree.

At the child support hearing, the trial court stated that "I cannot award custody of O. Y. to either party . . . [s]o child support for him is not going to be calculated . . . [R]ight now there is a court order for custody of [O. Y.] to be with Mom. He is choosing to leave Mom's custody, and I cannot . . . change custody of a child who's reached the age of 18." Based on this, the court refused to award any child support to the Father for O. Y. even though O. Y. had chosen to live with the Father. This was error.

---

[10] See, e.g., *Medley*, 334 Ga. App. at 594 (3). We emphasize that our holding is limited to the facts of this case — where the applicable child support order was not consistent with a subsequent, temporary change in custody awarded under a temporary consent order. We do not expand the language we rely on in *Weaver* or *Day* such that, in an ordinary case, a custodial parent already subject to a child support order may seek additional support beyond that already awarded under applicable law.

Although the court cannot award custody of a child once the child has reached the age of 18,[11] "child support may not be contingent on the child remaining a minor, that is, *ordered financial assistance may extend into the child's majority*,"[12] as authorized by law. OCGA § 19-6-15 (e) provides, in relevant part:

> [T]he court, in the exercise of sound discretion, may direct either or both parents to provide financial assistance to a child . . . who is enrolled in and attending a secondary school, and who has attained the age of majority before completing his or her secondary school education, provided that such financial assistance shall not be required after a child attains 20 years of age. *The provisions for child support provided in this subsection may be enforced by either parent . . . or by the child* for whose benefit the child support is ordered.[13]

Thus, to hold that a parent with whom a qualifying child lives cannot receive child support from the non-custodial parent would frustrate the plain language of this Code

---

[11] See *Francis-Rolle v. Harvey*, 309 Ga. App. 491, 492 (1) (710 SE2d 659) (2011) (citing OCGA § 39-1-1 (a) (age of legal majority is 18 years); OCGA § 19-7-1 (a) (at age 18 child no longer in the custody or control of either parent)).

[12] (Emphasis supplied.) *Wade v. Corinthian*, 283 Ga. 514, 516 (3) (661 SE2d 532) (2008).

[13] (Emphasis supplied.)

section.[14] The trial court misapplied this law at the hearing when it stated, "[O. Y.] will not be considered in these [child support] calculations because I can't consider him." Accordingly, the trial court erred by holding that it was without any authority to award child support to the Father for O. Y. during the time he qualified for it as provided in the divorce decree.[15]

3. The Father next contends that the trial court erred in its calculations for his child support obligation to the Mother by failing to take into account her husband's contributions to her expenses. We disagree.

Under OCGA § 19-6-15 (b), the process of calculating child support begins with determining the gross income of the parents, which in part, "shall include all income from any source."[16] Because the Mother is remarried and does not work outside of the home, her husband provides for her support and pays her expenses, which the Mother listed on her financial affidavit as approximately $20,000 monthly. Based on this, the

---

[14] See id. at 516 (3) ("[I]t is plain that a trial court may award child support in a modification action for a child over 18 pursuant to OCGA § 19-6-15 (e).").

[15] See OCGA § 19-6-15 (b) (11) ("In a split parenting case, there shall be a separate calculation and final order for each parent.").

[16] OCGA § 19-6-15 (f).

Father contends that this should be deemed "income" for purposes of the child support calculation. Instead, the trial court imputed income of approximately $5,000 per month, based on her earning capacity in her past career as a consultant.

The Father relies on *Lockhart v. Lockhart*,[17] in which this Court addressed a father's contention that the financial help given to the mother by the maternal grandmother should have been imputed to the mother as income. We affirmed the trial court's decision not to include that support as income because, "[a]s the finder of fact, the trial court was entitled to weigh this evidence and determine how it should factor in as a reliable source of income to the [mother.]"[18] Here, we reach the same conclusion because the Mother testified that the expenses included in her financial affidavit were her gross household expenses including marital expenses such as the mortgage and property taxes, as well as expenses for the children and the family reunification therapy that were a part of her consent degree with the Father. Therefore, imputing the income the Mother could earn and not including her husband's support for the whole household was within the trial court's discretion

---

[17] 361 Ga. App. 499 (863 SE2d 174) (2021).

[18] Id. at 503 (2).

11

because the Mother's husband "had no legal obligation to contribute, directly or indirectly, to the support of [the Mother's] children from [her] prior marriage . . . even if the income of [her husband] reduced [her] living expenses, contributed to a better lifestyle, or enabled [her] to devote more of" her time to raising the children.[19] Accordingly, this enumeration provides no basis for reversal.

4. Last, the Father contends that the trial court erred by awarding the Mother attorney fees without specifying a statutory basis. We agree.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract."[20] The Mother sought an award of attorney fees in her petition for modification , but neither her petition nor the trial court's order states a statutory basis for an award of attorney fees. When there is more than one statutory basis for the attorney-fee award, neither the statutory basis for the award nor the findings necessary to support an award are stated in the order, and a review of the record does not reveal the basis of the award, the case is remanded for an explanation

---

[19] *Blumenshine v. Hall*, 329 Ga. App. 449, 452 (3) (765 SE2d 647) (2014).

[20] *Viskup v. Viskup*, 291 Ga. 103, 106 (3) (727 SE2d 97) (2012).

of the statutory basis for the award and for the entry of any findings necessary to support it.[21]

Accordingly, we vacate the attorney fee award and remand for proceedings consistent with this opinion.

*Judgment affirmed in part, vacated in part, case remanded with direction. Gobeil and Padgett, JJ., concur.*

---

[21] See id.